UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; and MICHAEL HOWARD,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SHORT FORM MOTION TO CONFIRM REDESIGNATION OF DOCUMENTS (DOC. NO. 148)**<br><br>Case No. 2:19-cv-00999<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |
| KENT ANDERSON; and MICHAEL HOWARD,<br><br>     Third-Party Plaintiffs,<br><br>v.<br><br>REALSOURCE BROKERAGE SERVICES, L.C.; REALSOURCE PROPERTIES, LLC; and JOHN DOES 1-100,<br><br>     Third-Party Defendants. | |

Before the court is the Short Form Motion to Confirm Redesignation of Documents, ("Mot.," Doc. No. 148), filed by Defendants Kent Anderson and Michael Howard.  Defendants ask the court to confirm that more than 7,000 documents initially marked by Plaintiff RealSource Equity Services LLC ("RealSource") as attorneys-eyes only ("AEO") have been automatically redesignated as confidential under the Standard Protective Order.  (*Id.* at 2.)  The court held a hearing on the motion on November 8, 2021.  (*See* Doc. No. 156.)  At the hearing, Defendants also requested an award of attorney fees.  For the reasons stated at the hearing and explained

1

below, the court grants the motion in part and denies it in part.  The court denies Defendants'

request to automatically redesignate all documents designated by RealSource as AEO, and the

court also denies Defendants' request for fees.  However, the court orders RealSource to review

its AEO designations and redesignate these documents following the procedures set forth below.

## BACKGROUND

RealSource designated 7,241 of the documents it produced in discovery as AEO, out of a

total production of between 12,000 and 20,000 documents.[1]  (*See* Mot. 2, Doc. No. 148.)

Defendants made a written request to RealSource to redesignate the documents as confidential,

arguing the AEO designation was overused and providing twelve examples of documents

Defendants believed were improperly designated AEO.  (*See id.*; Ex. A to Opp'n, Doc. No. 150-

1.)  In response, RealSource agreed to redesignate seven of the twelve documents identified by

Defendants, and it redesignated an additional 138 documents after an independent review.

(Opp'n 3, Doc. No. 150; Ex. A to Opp'n, Doc. No. 150-1.)  However, RealSource maintained

Defendants were required to identify any other specific documents which Defendants sought to

redesignate.  (Ex. A. to Opp'n, Doc. No. 150-1.)  RealSource did not move for a protective order

to maintain its AEO designations within seven days of its response to Defendants' challenge, or

at any time thereafter.

## STANDARDS

The District of Utah's Standard Protective Order governs challenges to confidentiality

designations and sets out the following procedures.  First, a receiving party "may request the

---

[1] Defendants assert RealSource produced 12,715 documents total.  (Mot. 1 n.1, Doc. No. 148.)
At the hearing, RealSource represented it produced 20,000 documents.  As explained below, this
disparity is immaterial because, in either case, RealSource designated a significant portion of its
total production as AEO.

producing party in writing to change the designation of a document or documents, stating with particularity the reasons for that request." Standard Protective Order ¶ 9(b).  The producing party then has seven days to "(i) advise the receiving parties whether or not it persists in such designation; and (ii) if it persists in the designation, to explain the reason for the particular designation and to state its intent to seek a protective order . . . to maintain the designation." *Id.* Following this response, "within seven (7) days the producing party may then move the court for a protective order or any other order to maintain the designation." *Id.* ¶ 9(c).  "The burden of proving that the designation is proper shall be upon the producing party." *Id.*  "If no such motion is made within seven (7) days after the statement to seek an order under subparagraph (b)(ii), the information will be de-designated to the category requested by the receiving party." *Id.*

ANALYSIS

Defendants argue the documents at issue were automatically redesignated as confidential pursuant to paragraph 9(c) of the Standard Protective Order because RealSource failed to file a motion for a protective order within seven days of responding to Defendants' written challenge. (Mot. 3, Doc. No. 148.)  Defendants represent that the documents at issue constitute 57% of RealSource's total production, and they argue the burden is on RealSource, as the producing party, to prove the designations are proper.  (*Id.* at 2–3.)

In opposition, Plaintiffs Nathan W. Hanks and RealSource argue Defendants must first identify with specificity the documents they believe are improperly designated AEO.[2]  (Opp'n 3,

---

[2] Plaintiffs also argue Defendants failed to adequately meet and confer on the issues raised in the motion as required under Local Civil Rule 37-1.  (Opp'n 2, Doc. No. 150.)  Although Defendants' motion refers only to written communications between the parties, Defendants' counsel confirmed at the hearing that counsel also discussed the issue of redesignation in phone calls.  Thus, the conferral was adequate.

Doc. No. 150.)  Because Defendants failed to do this, Plaintiffs contend they had no obligation to

file a motion for a protective order.  Plaintiffs also argue RealSource would be harmed if the

documents are redesignated because this case involves allegations of theft of trade secrets and

confidential information.  (*Id.* at 2.)

       Plaintiffs are mistaken about RealSource's duties under the Standard Protective Order;

RealSource failed to comply with the requirements for parties seeking to maintain an AEO

designation.  The Standard Protective Order requires the producing party to file a motion for

protective order within seven days of responding to a challenge to the designation, and

RealSource failed to do so.  *See* Standard Protective Order ¶ 9(c).  In this circumstance, the

Standard Protective Order provides the documents will automatically be redesignated.  *Id.*

However, the court retains discretion to modify these provisions.  *See* DUCivR 26-2.  Where

RealSource has taken steps to maintain its AEO designations, including responding to

Defendants' written challenge and filing an opposition to their motion, automatic redesignation

of all documents designated as AEO by RealSource is unjustified.[3]

       Plaintiffs cite *Martinez v. City of Ogden* for the proposition that where documents are

designated in good faith under an umbrella protective order, the party challenging the

designation must "indicate precisely which documents it believed to be not confidential."  No.

1:08-cv-00087, 2009 U.S. Dist. LEXIS 12270 (D. Utah Feb. 17, 2009) (unpublished) (quoting

*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3rd Cir. 1986)).  However, this passage

(which quotes from a 1986 Third Circuit opinion) does not interpret the provisions of the

Standard Protective Order, which governs challenges to confidentiality designations in this

---

[3] RealSource is expected to comply with the procedures set forth in Standard Protective Order if future challenges to its designations arise.

district.  *Martinez* also does not address the scenario presented here, where a party alleges large-scale overuse of the AEO designation under the Standard Protective Order.  Accordingly, *Martinez* has little applicability here.

Courts in this district have confirmed the producing party's burden to justify its AEO designation for each document in the first instance, where a significant portion of the documents produced are designated AEO.  *See, e.g.*, *US Magnesium, LLC v. ATI Titanium LLC*, No. 2:17-cv-00923, 2018 U.S. Dist. LEXIS 131078, at *6 (D. Utah Aug. 3, 2018) (unpublished) (finding "no basis for shifting the burden of document-by-document review to the court or opposing counsel" where the producing party designated the majority of documents as AEO); *StorageCraft Tech. v. Persistent Telecom Solutions, Inc.*, No. 2:14-cv-00076, 2016 U.S. Dist. LEXIS 142093, at *4 (D. Utah Oct. 5, 2016) (unpublished) (reaching the same conclusion where 92% of a producing party's documents were designated AEO).  In both *US Magnesium* and *StorageCraft Technology*, the court required the producing party to review the designations, redesignate any documents improperly designated AEO, and produce a log describing each document not redesignated and noting the basis for asserting AEO status.  *See US Magnesium*, 2018 U.S. Dist. LEXIS 131078, at *6; *StorageCraft Tech.*, 2016 U.S. Dist. LEXIS 142093, at *3–4.

RealSource must justify its AEO designations.  As in *US Magnesium* and *StorageCraft Technology*, here, Defendants challenge RealSource's large-scale AEO designations, arguing the designation has been overused and providing several examples of documents which were improperly designated.  Regardless of whether RealSource produced 12,715 documents (as Defendants claim) or 20,000 documents (as RealSource claims), the AEO designation covers a significant portion of RealSource's total production—between 36% and 57%.  Moreover, the

Standard Protective Order places the burden on RealSource, as the producing party, to demonstrate the AEO designation is proper.  Standard Protective Order ¶ 9(c).  Defendants, as the receiving party, are not required to identify each specific document they believe to be improperly designated in order to challenge RealSource's designation of more than 7,000 documents as AEO.  Under these circumstances, it is appropriate to follow the approach set forth in *US Magnesium* and *StorageCraft Technology*.

For all these reasons, the court denies Defendants' request to automatically redesignate all documents RealSource designated as AEO.  Because RealSource's position is substantially justified, the court also denies Defendants' request for attorney fees.  However, the court ORDERS RealSource to review its AEO designations and redesignate the documents as follows:

1.      Within thirty days, RealSource must produce redesignated versions of the documents it previously designated as AEO.  At the same time, it must produce a log listing any documents previously designated as AEO which it has not redesignated, in the form of a privilege log describing each document individually and the specific basis for asserting AEO status.

2.      If, after reviewing the log, Defendants still believe the documents are over-designated AEO, they may bring a new motion.  In conjunction with the motion, Defendants must submit for in camera review a sample set of documents they believe are improperly designated AEO.  The court will then issue an order requiring RealSource to submit a randomized sample of AEO-designated documents for in camera review.

3.      If the court finds RealSource is overusing the AEO designation, the court may impose sanctions, which may include stripping the AEO designation from all documents,

monetary sanctions against the party and/or counsel, and/or stripping confidential designations

from all documents.

DATED this 10th day of November, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge