UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; and MICHAEL HOWARD,<br><br>    Defendants and Counterclaimants. | **MEMORANDUM DECISION AND ORDER ON MOTIONS TO SEAL (DOC. NOS. 128, 131, & 137)**<br><br>Case No. 2:19-cv-00999-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Daphne A. Oberg |
| KENT ANDERSON and MICHAEL HOWARD,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>REALSOURCE BROKERAGE SERVICES, L.C.; REALSOURCE PROPERTIES, LLC; and JOHN DOES 1-100,<br><br>    Third-Party Defendants. | |

    Before the court are three motions to seal: a motion to seal filed by Defendants, Counterclaimants, and Third-Party Plaintiffs Kent Anderson and Michael Howard, (Doc. No. 128), and two motions to seal filed by Plaintiffs and Counterclaim Defendants Nathan Hanks and RealSource Equity Services, LLC and Third-Party Defendants RealSource Brokerage Services, L.C., and RealSource Properties, LLC (collectively, the "RealSource Parties"), (Doc. Nos. 131 & 137). These motions address sealing the identities of two nonparty entities named in the briefing

1

on Kent Anderson and Michael Howard's motion to amend their counterclaim and third-party complaint, (Doc. No. 127). The RealSource Parties seek to seal this information and to designate it "attorney's eyes only." (*See* Doc. Nos. 131 & 137.) Kent Anderson and Michael Howard filed their motion to seal solely based on a previous order sealing this information in prior briefing, (*see* Doc. No. 128), and they now argue this information should be unsealed. (*See* Opp'ns, Doc. Nos. 132 & 140.)

For the reasons set forth below, the court grants Kent Anderson and Michael Howard's motion, (Doc. No. 128), and grants in part the RealSource Parties' motions, (Doc. No. 131 & 137). The court orders that the identities of the nonparty entities shall remain sealed but defers ruling on the RealSource Parties' request to designate this information "attorney's eyes only" to permit further briefing on this issue.

## BACKGROUND

The RealSource Parties previously filed a motion to seal in connection with a motion to strike Kent Anderson and Michael Howard's reply brief supporting their prior motion to amend. (*See* RealSource Parties' First Mot. to Seal, Doc. No. 118.) The RealSource Parties argued portions of the motion to strike and attached documents—including the identities of two entities named in the motion—should be sealed because (1) the entities were "involved in the formation of a real estate investment trust"; (2) "[t]he information is confidential and only revealed to certain investors"; and (3) the documents contained "trade secrets vital to the function of business and upcoming transactions." (*Id.* at 2–3.) The RealSource Parties requested that unredacted versions of these documents be sealed and labeled "Confidential Information – Attorney's Eyes Only." (*Id.*) After the opposition deadline passed and no opposition was filed,

the court granted the motion to seal "[f]or good cause shown" and ordered that the documents remain sealed. (Docket Text Order (April 21, 2021), Doc. No. 126.)

Thereafter, Kent Anderson and Michael Howard filed a new motion to amend, (Doc. No. 127), seeking leave to add the two entities named in the motion to strike as third-party defendants (among other proposed amendments to their pleading). Kent Anderson and Michael Howard also filed their motion to seal now before the court, seeking to seal the identities of these two entities based solely on the court's prior order granting the RealSource Parties' first motion to seal. (*See* Anderson & Howard Mot. to Seal, Doc. No. 128.) Kent Anderson and Michael Howard redacted the names of these entities in the public versions of their motion to amend and proposed amended pleading, (*see* Doc. Nos. 127, 127-1, & 127-2), and filed the unredacted versions under seal, (*see* Doc. Nos. 129, 129-1, & 129-2).

The court then entered an order requiring "any party seeking to maintain the redacted portions of the Motion to Amend and exhibits under seal [to] file a new motion to seal explaining whether good cause exists to seal references to the entities at issue, in light of Kent Anderson and Michael Howard's request to add those entities as parties to this action." (Docket Text Order (April 27, 2021), Doc. No. 130.) In response, the RealSource Parties filed their second motion to seal, now before the court, seeking to maintain the identities of the entities under seal. (*See* RealSource Parties' Second Mot. to Seal, Doc. No. 131.) When the RealSource Parties filed their opposition to the motion to amend, they also filed a third motion to seal, now before the court, seeking to seal the references to these entities in their opposition brief. (*See* RealSource Parties' Third Mot. to Seal, Doc. No. 137.) Kent Anderson and Michael Howard opposed the RealSource Parties' motions to seal, arguing the identities of the entities should be unsealed because they were being named as parties. (*See* Opp'ns, Doc. Nos. 132 & 140.)

On December 16, 2021, the undersigned issued a report and recommendation to grant in part and deny in part the motion to amend. (R&R to Grant in Part and Den. in Part Kent Anderson and Michael Howard's Mot. to Am. Countercl. and Third-Party Compl. ("R&R on Mot. to Amend"), Doc. No. 162.) The undersigned recommended the district judge deny the motion to amend to the extent it seeks to add the two entities at issue as third-party defendants. (*Id.*)

## LEGAL STANDARD

Court filings in this district are "presumptively open to the public," and "[t]he sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof . . . is highly discouraged." DUCivR 5-3(a)(1). However, the court may permit documents to be sealed based on "a showing of good cause." *Id.* "To overcome [the] presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation marks omitted).

"Attorney's-eyes-only protection is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor." *Martinez v. City of Ogden*, No. 1:08-CV-87, 2009 U.S. Dist. LEXIS 12270, at *7 (D. Utah Feb. 18, 2009) (unpublished). Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Nutratech, Inc. v. Syntech Int'l*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). The party resisting disclosure "must first establish that the information sought is a

4

trade secret and then demonstrate that its disclosure might be harmful." *Centurion Indus. v. Steurer*, 665 F.2d 323, 325 (10th Cir. 1981).

## DISCUSSION

The RealSource Parties argue good cause exists to seal references to the identities of the two entities at issue because "[t]his information concerns the inner[ ]workings and trade secrets of a private Real Estate Investment Trust (a 'REIT')." (RealSource Parties' Second Mot. to Seal 2, Doc. No. 131.) The RealSource Parties assert these entities' identities and role in the operations of the REIT, and the mechanics of how to invest in the REIT, is not publicly available information. (*Id.*) The RealSource Parties further argue this information, by law, can only be disclosed to select accredited investors in order to maintain the REIT's status as private and to exempt the REIT from registration with the Securities and Exchange Commission, citing 17 C.F.R. § 230.502 and 15 U.S.C. § 77d(d). (*Id.*) They assert the RealSource Parties will face "heavy consequences" if such information is revealed to unaccredited investors, including Kent Anderson and Michael Howard. (*Id.* at 3.) They request the information be "sealed and only examined by Kent Anderson and Michael Howard's counsel." (*Id.*)

In response, Kent Anderson and Michael Howard argue the statute and regulation cited by the RealSource Parties make no mention of a business entity losing private or exempt status or being subject to further securities regulation as a result of being named as a party to a lawsuit. (Opp'n 3, Doc. No. 132.) They also argue neither section requires a business entity involved in a lawsuit to file court documents under seal to maintain its private and exempt status. (*Id.*) The RealSource Parties did not file any reply and offered no further argument regarding the applicability of these provisions.

The statute and regulation cited by the RealSource Parties do not appear, on their face, to prohibit public disclosure of the identities of entities involved in forming or operating a REIT. Subsection (d) of 15 U.S.C. § 77d addresses requirements for "accredited investor transactions," including information which must be disclosed to accredited investors and a prohibition on "general solicitation or advertising." *See* 15 U.S.C. § 77d(d)(2)–(3). The cited regulation addresses information required to be furnished to unaccredited investors and prohibits an issuer from selling securities "by any form of general solicitation or advertising." *See* 17 C.F.R. § 230.502(b)–(c). However, these provisions do not appear to restrict disclosure of the identities of entities involved in a REIT. Nor do they address whether such information may be filed publicly in court documents. For these reasons, the statute and regulation cited by RealSource appear inapplicable to the issue before the court.

On the other hand, Kent Anderson and Michael Howard do not contest the RealSource Parties' representation that information regarding the two entities' identities and roles in the REIT is not publicly available. (*See* RealSource Parties' First Mot. to Seal 2–3, Doc. No. 131; Opp'n, Doc. No. 132.) Instead, they focus on the fact that the cited provisions do not, on their face, restrict the public filing of court documents or prevent entities from being named parties to a lawsuit. (*See* Opp'n 3, Doc. No. 132.)

In light of the undersigned's recommendation to deny leave to add these entities as third-party defendants, the court sees no reason to depart from its prior order finding good cause to seal these nonparties' identities. The entities remain nonparties, and it is uncontested that information regarding their identities and involvement in the REIT is not publicly available. Moreover, allowing limited redactions of the names of these entities does not deprive the public

of access to the basis for the court's decision on the motion to amend. Accordingly, there is no need for the court to revisit its ruling that these entities' identities should be sealed at this stage.[1]

However, neither the RealSource Parties nor Kent Anderson and Michael Howard adequately addressed the request for an "attorney's-eyes only" designation in their briefing. The RealSource Parties do not explain how the names of these entities constitute trade secrets or why they would be harmed if the parties to this lawsuit learn their identities. As explained above, the statute and regulation cited by the RealSource Parties do not support their assertion that disclosure of this information to the parties will result in the REIT losing private or exempt status. And Kent Anderson and Michael Howard do not specifically address this issue in their briefing. Accordingly, the court defers ruling on this issue to permit supplemental briefing.

## CONCLUSION

The court grants Kent Anderson and Michael Howard's motion, (Doc. No. 128), and grants in part the RealSource Parties' motions, (Doc. No. 131 & 137). The court grants the motions to the extent they seek to maintain the identities of the entities at issue under seal. Accordingly, the unredacted versions of the motion to amend, proposed amended pleading, and opposition brief, (Doc. Nos. 129, 129-1, 129-2, & 138), shall remain sealed. The court has also redacted the names of these entities in the report and recommendation, (Doc. No. 162), and filed the unredacted version under seal, (Doc. No. 163). However, the court defers ruling on the RealSource Parties' request to designate the unredacted documents as "attorney's eyes only."

---

[1] Any party may move the court to revisit this issue based on a change in circumstances, including if the entities are joined as parties in the future.

The RealSource Parties and Kent Anderson and Michael Howard are directed to submit supplemental briefs on this issue no later than January 7, 2022.

DATED this 20th day of December, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge