---

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC, | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND SHORT-FORM MOTION TO COMPEL AGAINST DEFENDANT AKA PARTNERS, LC, RE: QUICKBOOKS (DOC. NO. 235)** |

NATHAN W. HANKS and REALSOURCE
EQUITY SERVICES, LLC,

      Plaintiffs,

v.

MICHAEL S. ANDERSON; AKA
PARTNERS, LC; KENT ANDERSON;
MICHAEL HOWARD; and GREENFILL
WOODLAND CREEK APTS, LLC,

      Defendants.

---

KENT ANDERSON and MICHAEL
HOWARD,

      Counterclaimants, Crossclaimants, and
      Third-Party Plaintiffs,

v.

NATHAN W. HANKS and REALSOURCE
EQUITY SERVICES, LLC,

      Counterclaim Defendants,

MICHAEL S. ANDERSON,

      Crossclaim Defendant, and

REALSOURCE BROKERAGE SERVICES,
L.C.; REALSOURCE PROPERTIES, LLC;
REALSOURCE RESIDENTIAL, LLC, and
JOHN DOES 1-100,

      Third-Party Defendants.

**MEMORANDUM DECISION AND
ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
SECOND SHORT-FORM MOTION TO
COMPEL AGAINST DEFENDANT AKA
PARTNERS, LC, RE: QUICKBOOKS
(DOC. NO. 235)**

Case No. 2:19-cv-00999

District Judge David Barlow

Magistrate Daphne A. Oberg

Plaintiffs Nathan W. Hanks and RealSource Equity Services, LLC filed a "Second Short-Form Motion to Compel Against Defendant AKA Partners, LC, Re: QuickBooks."[1] Although styled as a motion to compel, Plaintiffs' motion also includes what appears to be a request for sanctions and/or evidentiary rulings, as well as a request for a limited extension of discovery.[2]  Plaintiffs also requested an award of attorney fees.[3]  The court held a hearing on the motion on May 15, 2023.[4]

For the reasons explained at the hearing and below, the motion is granted in part and denied in part.  The motion is denied insofar as it seeks to compel production of documents, entry of sanctions and/or evidentiary rulings, and an award of attorney fees.  The request for an extension of fact discovery is granted for the limited purpose of permitting Plaintiffs to conduct a Rule 30(b)(6) deposition of AKA Partners, as set forth below.

**A.  Motion to Compel**

Plaintiffs move to compel defendant AKA Partners to produce (1) "back-up support" for AKA Partners' QuickBooks files, and (2) AKA Partners' files from Yardi, which Plaintiffs describe as "real estate management software."[5]  Because Plaintiffs fail to identify any discovery request to which such documents are responsive, this motion is denied.

Plaintiffs' motion references Request for Production ("RFP") 3, which sought an "electronic back-up copy of [AKA Partners'] QuickBooks accounting records and any other

---

[1] ("Mot.," Doc. No. 235.)

[2] (*See id.* at 6–7.)

[3] (*See id.* at 7.)

[4] (*See* Minute Entry, Doc. No. 242.)

[5] (Mot. 2, 6, Doc. No. 235.)

financial accounting system you utilize."[6]  But RFP 3 does not request "back-up support" for the QuickBooks files, and it is undisputed that AKA Partners produced all its QuickBooks records—including granting real-time access to its QuickBooks database.[7]  RFP 3 also does not request Yardi files, and Plaintiffs do not argue Yardi is a "financial accounting system" within the meaning of RFP 3.  The motion also references RFP 4, which requested bank statements,[8] but Plaintiffs do not argue "back-up support" documents or Yardi files are within the scope of this request.  Indeed, at the hearing Plaintiffs appeared to concede they never propounded a request for these documents, explaining they ran out of discovery requests.

Where Plaintiffs have not identified a discovery request to which these documents are responsive, there is no basis to compel AKA Partners to produce them.[9]  Accordingly, the motion to compel is denied.

**B. Alternative Request for Entry of Sanctions and/or Evidentiary Rulings**

In the alternative, Plaintiffs request an order allowing Plaintiffs to "eliminate from AKA's financial statements all unsupported manual [QuickBooks] entries" in calculating damages," and prohibiting AKA Partners from taking deductions from Plaintiffs' damages calculations.[10]  This request is denied because Plaintiffs fail to identify a legal basis for it.

---

[6] (*Id.* at 3; Ex. 1 to Opp'n, RealSource's First Set of Written Disc. Reqs. to AKA Partners, LC, RFP 3, Doc. No. 241-1.)

[7] (*See* Mot. 5, Doc. No. 235 (indicating access to AKA's QuickBooks was supplied to Plaintiffs' counsel and expert); Opp'n 3–4, Doc. No. 241.)

[8] (*See* Mot. 3, Doc. No. 235; Ex. 1 to Opp'n, RealSource's First Set of Written Disc. Reqs. to AKA Partners, LC, RFP 4, Doc. No. 241-1.)

[9] *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (A party may move for an order compelling production if "a party fails to produce documents . . . *as requested under Rule 34*." (emphasis added)).

[10] (Mot. 6, Doc. No. 235.)

Rule 37 of the Federal Rules of Civil Procedure permits entry of sanctions for failure to comply with a discovery order and for certain other discovery violations.[11]  Such sanctions may include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[12]  But Plaintiffs fail to show any discovery violation has occurred to support their request for sanctions.  As set forth above, Plaintiffs have not demonstrated the documents sought in their motion to compel are responsive to any discovery request, and they have not identified any applicable basis for sanctions under Rule 37.

To the extent Plaintiffs seek an evidentiary ruling not based on a discovery violation, this request is not properly before the court at this stage.  Plaintiffs may raise evidentiary issues at the appropriate time, such as in a pretrial motion in limine or at trial.

## C.  Request for Extension of Fact Discovery

Plaintiffs next seek an extension of fact discovery to allow them to take a Rule 30(b)(6) deposition of AKA Partners.[13]  Fact discovery closes on May 17, 2023, under the most recent

---

[11] *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A) (permitting sanctions for failure to obey a discovery order); Fed. R. Civ. P. 37(c)(1) (permitting sanctions for failure to make required disclosures and supplementation); Fed. R. Civ. P. 37(d) (permitting sanctions for a party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection).

[12] Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii).

[13] (Mot. 7, Doc. No. 235.)

scheduling order.[14]  AKA Partners opposes any extension, noting its Rule 30(b)(6) deposition

has been scheduled twice, and each time it was canceled by Plaintiffs on short notice.[15]

Based on a review of the correspondence between counsel attached to the motion and

opposition, it appears Plaintiffs' counsel cancelled the prior deposition dates due to difficulties

accessing the QuickBooks files and because counsel believed AKA Partners was required to

provide back-up support for the manual QuickBooks entries.  Plaintiffs sought to obtain these

documents before proceeding with the deposition and filed a motion to compel on this issue

within the fact discovery period.  Under these circumstances, even though Plaintiffs did not

prevail on the motion to compel, good cause exists to extend fact discovery for the limited

purpose of allowing Plaintiffs to conduct a Rule 30(b)(6) deposition of AKA Partners.

Therefore, Plaintiffs' request to extend fact discovery for this limited purpose is

granted, along with corresponding extensions of subsequent deadlines.  An amended

scheduling order is entered herewith.  Further, as discussed at the hearing, the court sets the

following deadlines related to the deposition of AKA Partners:

    a.  Plaintiffs shall serve an amended Rule 30(b)(6) deposition notice including any
new topics by May 22, 2023, at 12:00 p.m.

    b.  Any objections to the topics in the amended notice shall be served by May 26,
2023.

    c.  Counsel shall meet and confer regarding any objections on May 30, 2023, at
1:30 p.m. via Zoom videoconference.  AKA Partners' counsel will provide a
Zoom link.  If the disputes are not resolved, a motion must be promptly filed.

---

[14] (*See* Eighth Am. Scheduling Order, Doc. No. 202.)

[15] (*See* Opp'n 6–7, Doc. No. 241.)

    d.   The Rule 30(b)(6) deposition of AKA Partners shall be taken on or before June 23, 2023.

### D.  Request for Attorney Fees

Plaintiffs seek an award of attorney fees but do not state the basis for their request.[16] Where Plaintiffs' motion to compel and request for sanctions are denied, their request for attorney fees is also denied.

**CONCLUSION**

Plaintiffs' motion[17] is granted in part and denied in part.  The motion is denied insofar as it seeks to compel production of documents, entry of sanctions and/or evidentiary rulings, and an award of attorney fees.  The request for an extension of fact discovery is granted for the limited purpose of permitting Plaintiffs to conduct a Rule 30(b)(6) deposition of AKA Partners, as set forth in this order, and an amended scheduling order is entered herewith.

DATED this 16th day of May, 2023.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge

---

[16] (Mot. 7, Doc. No. 235.)

[17] (Doc. No. 235.)