UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>Plaintiffs,<br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; MICHAEL HOWARD; and GREENFILL WOODLAND CREEK APTS, LLC,<br><br>Defendants.<br><br>KENT ANDERSON and MICHAEL HOWARD,<br><br>Counterclaimants, Crossclaimants, and Third-Party Plaintiffs,<br>v.<br><br>NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>Counterclaim Defendants,<br><br>MICHAEL S. ANDERSON,<br><br>Crossclaim Defendant, and<br><br>REALSOURCE BROKERAGE SERVICES, L.C.; REALSOURCE PROPERTIES, LLC; REALSOURCE RESIDENTIAL, LLC, and JOHN DOES 1-100,<br><br>Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AGAINST JARED LUDLOFF (DOC. NO. 250), AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' FOURTH AND FIFTH MOTIONS TO COMPEL AGAINST DEFENDANT AKA PARTNERS, LC (DOC. NOS. 258 & 263)**<br><br>Case No. 2:19-cv-00999<br><br>District Judge David Barlow<br><br>Magistrate Daphne A. Oberg |

Plaintiffs Nathan W. Hanks and RealSource Equity Services, LLC have filed three

discovery motions: (1) a motion to compel nonparty Jared Ludloff to produce documents in

response to a subpoena,[1] (2) a motion to compel Defendant AKA Partners, LC to produce documents or, alternatively, to amend the scheduling order to permit additional written discovery,[2] and (3) a motion to compel AKA to designate a Rule 30(b)(6) witness for disputed topics in Plaintiffs' deposition notice.[3]  The court held a hearing on these motions on June 12, 2023.  For the reasons set forth below, the court denies Plaintiffs' motion to compel concerning the subpoena to Mr. Ludloff, and grants in part and denies in part Plaintiffs' other two motions.

**A. Motion to Compel Production of Documents or to Permit Additional Discovery (Doc. No. 258)**

In the motion at docket number 258, Plaintiffs seek to compel AKA to produce certain financial records.  Plaintiffs did not propound written discovery requests for these documents during the fact discovery period, but they argue AKA is obligated to produce the records pursuant to the disclosure requirements of Rule 26(a)(1)(A).[4]  Alternatively, Plaintiffs ask the court to permit them to propound one new interrogatory and four new requests for production of documents.[5]  AKA opposes the motion.[6]

Plaintiffs' motion is denied as to their request to compel production under Rule 26(a)(1)(A).  This rule requires a party to provide "a copy—or a description by category and

---

[1] (Doc. No. 250.)

[2] (Doc. No. 258.)

[3] (Doc. No. 263.)

[4] (Doc. No. 258 at 2–3.)

[5] (*Id.* at 3–7.)

[6] (Doc. No. 273.)

location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses," without waiting for a discovery request.[7]  But "[w]hile Rule 26(a) requires a party to identify and describe supporting witnesses and documents, it does not require the party to produce them."[8]  Thus, "a motion to compel in relation to initial disclosures is not a proper avenue for compelling document production."[9]  Indeed, Plaintiffs conceded at the hearing that they are not entitled to production of documents under this rule.  This portion of the motion is denied.

Plaintiffs' alternative request for additional written discovery is granted in part and denied in part.  Because this motion was filed after the May 17, 2023 fact discovery deadline,[10] it is construed as a motion to amend the scheduling order to reopen discovery.  A scheduling order "may be modified only for good cause and with the judge's consent."[11]  A party seeking to amend a scheduling order must "show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."[12]  Relevant factors for reopening discovery include:

---

[7] Fed. R. Civ. P. 26(a)(1)(A)(ii).

[8] *Adkins v. TFI Family Servs.*, No. 13-CV-2579-DDC-GLR, 2017 U.S. Dist. LEXIS 96344, at *24 (D. Kan. June 22, 2017) (unpublished) (emphasis omitted).

[9] *Id.* at *25 (emphasis omitted).

[10] (*See* Eighth Am. Scheduling Order, Doc. No. 202.)  Fact discovery was extended beyond May 17 solely for the purpose of allowing Plaintiffs to conduct a Rule 30(b)(6) deposition of AKA. (*See* Ninth Am. Scheduling Order, Doc. No. 244.)

[11] Fed. R. Civ. P. 16(b)(4).

[12] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (alteration in original) (internal quotation marks omitted) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[13]

Plaintiffs seek to propound an interrogatory regarding the identity of investors (and amount of their investments) in AKA and five other LLCs,[14] which Plaintiffs describe as "special purpose entities" of AKA.[15] Plaintiffs also seek to propound requests for production of tax returns, audit reports, and financial projections of AKA and other LLCs, as well as closing documents from the sale of certain assets.[16] Plaintiffs contend this discovery is necessary to allow Plaintiffs to accurately calculate their damages.[17]

Plaintiffs have demonstrated good cause to permit them to propound requests for production of tax returns and audits for AKA only. The need for these documents arose after AKA produced its updated QuickBooks files (as a supplemental response to an earlier discovery request) on March 29, 2023—after the last day to serve written discovery.[18] According to Plaintiffs, their expert's review of the updated production revealed numerous

---

[13] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4 (D. Utah June 9, 2021) (unpublished).

[14] (*See* Doc. No. 260-5 at 3.)

[15] (Doc. No. 258 at 5.)

[16] (*See* Doc. No. 260-5 at 4–5.)

[17] (*See* Doc. No. 258 at 3–6.)

[18] (*See id.*; *see also* Doc. No. 235.)

4

errors and inconsistencies in the accounting records.[19] Testimony from a May 17 deposition also raised issues about inaccuracies in the QuickBooks files.[20] Plaintiffs' expert indicated supporting documentation was necessary to understand the QuickBooks data and to calculate Plaintiffs' damages.[21] Since discovering these accounting errors, Plaintiffs have diligently sought to obtain additional financial records from AKA. This includes filing a prior motion to compel AKA to produce supporting financial records[22] (which the court denied because there were no outstanding discovery requests for the documents[23]); issuing a subpoena to Mr. Ludloff (AKA's accountant) for AKA's supporting financial records and filing a motion to enforce the subpoena[24] (addressed below); and filing the instant motion.

     All but one of the relevant factors, set forth above, favor reopening fact discovery to permit the requests for AKA's tax returns and audits. The only factor weighing against allowing this discovery is AKA's opposition to the request. But the other factors weigh in Plaintiffs' favor. First, a trial has not been set. Second, AKA will not be unduly prejudiced because the new discovery is limited in scope and will not impact other deadlines. (Indeed, AKA indicated at the hearing it could produce the requested records within four days.) Third, Plaintiffs were diligent in seeking AKA's financial records. Plaintiffs requested AKA's QuickBooks files early in the case and diligently sought other supporting financial records

---

[19] (*See* Doc. No. 235.)

[20] (*See* Doc. No. 258 at 3 n.9.)

[21] (*See* Doc. No. 240 at 9–11.)

[22] (Doc. No. 235.)

[23] (*See* Doc. No. 243.)

[24] (Doc. No. 250.)

once the errors in the QuickBooks files became known. Fourth, as explained above, the need for these additional records was not foreseeable until the updated QuickBooks files were produced after the last day to serve written discovery. Finally, the tax returns and audits are relevant to Plaintiffs' claims and calculation of damages. Considering all these factors, good cause exists to amend the scheduling order to permit the requests for AKA's tax returns and audits. For the same reasons, good cause exists to increase the numerical limit for requests for production in the scheduling order to permit Plaintiffs to issue these two additional requests.[25]

However, Plaintiffs have not demonstrated good cause to permit requests for documents related to the other LLCs, requests for closing documents or financial projections, or the proposed interrogatory regarding investors. First, the other LLCs are separate entities, and Plaintiffs have not explained why the LLCs' financial records are relevant or necessary to calculate damages with respect to AKA. Second, Plaintiffs have failed to adequately articulate a connection between the inaccuracies in the QuickBooks files and the requests for closing documents, financial projections, and investor information. Although Plaintiffs contend this discovery is relevant to damages, Plaintiffs could have pursued it within the deadlines in the scheduling order. Plaintiffs have not offered a valid justification for their delay in doing so.[26] Therefore, Plaintiffs are not permitted to propound additional discovery requests other than the requests for AKA's tax returns and audits.

---

[25] The scheduling order sets a limit of thirty requests for production by any party to any party, (*see* Doc. No. 64), and the parties indicate Plaintiffs have previously reached this limit. (*See* Doc. No. 257 at 3; Doc. No. 258 at 6.)

[26] While Plaintiffs note that they had already reached the numerical limits on discovery requests, they could have moved to amend the scheduling order to allow additional requests—as they have now done—earlier in the case. Plaintiffs do not explain why they failed to file such a motion with respect to closing documents, financial projections, or investor information before the close of fact discovery.

In sum, Plaintiffs' motion at docket number 258 is granted in part and denied in part. Plaintiffs may propound the proposed requests for production seeking tax returns and audits of AKA only. AKA indicated at the hearing that it will produce these documents by June 16, 2023. The motion is otherwise denied.

### B. Motion to Compel Jared Ludloff to Comply with Subpoena (Doc. No. 250)

In the motion at docket number 250, Plaintiffs seek to compel AKA's third-party accountant, Jared Ludloff, to produce AKA's tax returns and other financial records in response to a subpoena. AKA and Mr. Ludloff filed a joint opposition.[27] For the reasons explained below, this motion is denied.

First, as Plaintiffs acknowledged at the hearing, the documents sought in the subpoena are duplicative of the documents Plaintiffs are seeking to obtain directly from AKA. Rule 26(b)(2)(C) provides "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[28] And Rule 45 requires the court to enforce a duty to avoid imposing undue burden or expense on a person subject to the subpoena.[29] Here, the subpoena seeks AKA's financial records, and Plaintiffs have been permitted to propound requests to AKA for largely the same documents. Thus, the discovery sought in the subpoena is unreasonably cumulative, and it is more convenient and

---

[27] (Doc. No. 257.)

[28] Fed. R. Civ. P. 26(b)(2)(C)(i).

[29] Fed. R. Civ. P. 45(d)(1).

7

less burdensome to obtain the records directly from AKA.[30] Requiring Mr. Ludloff, a nonparty, to produce the documents under these circumstances would be unduly burdensome.

Further, the timing of the subpoena suggests it was an improper attempt to circumvent the requirements of Rule 34 and the court's scheduling order. Courts have quashed or declined to enforce Rule 45 subpoenas where they are used to "circumvent[] the requirements and protections of Rule 34 for the production of documents belonging to a party."[31] The subpoena seeks AKA's financial records, and Plaintiffs served it on Mr. Ludloff on May 1, 2023[32]—after the deadline in the scheduling order for serving written discovery on AKA, and less than thirty days before the May 17 close of fact discovery. Further, Plaintiffs admitted at a prior hearing that they did not previously request these documents from AKA because they had already reached the numerical limit for discovery requests under the scheduling order. Thus, the subpoena appears to be an attempt to circumvent these deadlines and limitations. Further, the court issued an oral ruling[33] denying Plaintiffs' motion to compel AKA to produce the same documents (because no formal discovery requests had been issued) two days before

---

[30] *Cf. PCA-Corrections, LLC v. Akron Healthcare LLC*, No. 1:20-cv-428, 2021 U.S. Dist. LEXIS 96737, at *7 (S.D. Ohio May 21, 2021) (unpublished) ("Sending out requests to a nonparty for the opposing side's own documents—while requests for the same material are still pending with that party is unreasonably cumulative and it duplicates the efforts for all involved. And it is conceivably more convenient and less burdensome to obtain records from the source rather than the source's accountant who is not a party to the litigation.").

[31] *See Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016) (citation omitted) (quashing a subpoena to a party's accountant for the party's financial records where the subpoena was served after the deadline for serving Rule 34 requests for production); *see also Ramey v. Cmty. State Bank*, No. 17-CV-370-JED-JFJ, 2018 U.S. Dist. LEXIS 247304, at *2–3 (N.D. Okla. Aug. 7, 2018) (unpublished).

[32] (*See* Doc. No. 250-4.)

[33] (*See* Minute Entry (May 15, 2023), Doc. No. 242; *see also* Doc. No. 243 (subsequent written order).)

Mr. Ludloff's deposition, at which Plaintiffs sought the documents from Mr. Ludloff. Under these circumstances, the subpoena will not be enforced. Plaintiffs' proper recourse was to move to amend the scheduling order to permit them to request these documents from AKA—which they have now done.

For all these reasons, Plaintiffs' motion to compel Mr. Ludloff to comply with the subpoena is denied.

### C. Motion Regarding Rule 30(b)(6) Deposition Topics (Doc. No. 263)

In the motion at docket number 263, Plaintiffs ask the court to overrule AKA's objections to certain topics listed in the Rule 30(b)(6) deposition notice. The motion is granted in part and denied in part.

<u>Topics 2, 11, and 12</u>

Topic 2 includes, in relevant part, "an identification of all inaccurate entries in AKA's QuickBooks files, why they were entered incorrectly, and who was responsible for the erroneous entries."[34] Topic 11 addresses "[t]he identification and explanation for any other errors Jared Ludloff did not identify in his deposition in Exhibits 140 (AKA's Balance Sheet) or 151 (AKA's Profit and Loss Statement)."[35] Topic 12 addresses "[t]he identification of the person or entity responsible for all errors in AKA's QuickBooks as of May 17, 2023."[36] AKA objects to these topics on the basis that identification of all inaccuracies is not information known or reasonably available to it.[37] AKA argues identification of all inaccuracies would

---

[34] (Doc. No. 265-1 at 3.)

[35] (*Id.* at 4.)

[36] (*Id.*)

[37] (Doc. No. 265-2 at 2–4.)

9

require an audit, and conducting an audit solely to prepare for a Rule 30(b)(6) deposition is unduly burdensome and disproportionate to the needs of the case.[38] Nevertheless, AKA agrees to "produce a witness to testify regarding inaccuracies known or currently identified by AKA."[39]

AKA's objections to these topics are overruled. Rule 30(b)(6) requires the person designated to "testify about information known or reasonably available to the organization."[40] Thus, if any information sought in topics 2, 11, and 12 is not known or reasonably available to AKA, its designated witness may so testify at the deposition. But this is not a basis to strike or limit the topics.[41]

Topic 18

Topic 18 addresses "[t]he documents AKA relied on from the sale of Greenfill Mueschke LLC and Greenfill Storage Depot LLC, including the closing statements and K-1s."[42] AKA objects to the phrase "relied on from the sale" as vague and ambiguous.[43] At the hearing, Plaintiffs clarified they are only seeking testimony regarding the closing

---

[38] (*Id.*)

[39] (*Id.*)

[40] Fed. R. Civ. P. 30(b)(6).

[41] *See, e.g.*, *Raytheon Aircraft Co. v. United States*, No. 05-2328-JWL-DJW, 2007 U.S. Dist. LEXIS 66156, at *22 (D. Kan. Sept. 6, 2007) (unpublished) ("If USACE, as an institution, does not have the information Raytheon seeks, then its designated Rule 30(b)(6) representative can testify that the information sought is not known or reasonably available to USACE.").

[42] (Doc. No. 265-1 at 4.)

[43] (Doc. no. 265-2 at 4.)

statements and K-1s. Therefore, AKA's objection is sustained, and this topic is limited to the closing statements and K-1s from the sale of the two named entities.

Topic 19

Topic 19 addresses the "[t]he sale of Greenfill Mueschke LLC and Greenfill Storage Depot LLC."[44] AKA objects that the topic contains two subparts, and that each of the subparts is vague and overly broad.[45]

The District of Utah's local rules limit the topics in a Rule 30(b)(6) deposition notice to "20 topics, including subparts."[46] In the context Rule 33 interrogatories, "[s]ubparts directed toward a 'common theme' should generally be counted as single interrogatory, while 'subparts inquiring into discrete areas' are generally counted as multiple interrogatories."[47] The "common theme" test has been applied to the limitation on topics in DUCivR 30-2.[48]

Applying this test, topic 19 is fairly construed as addressing the common theme of sales of other entities. Thus, it qualifies as one topic. And at the hearing, Plaintiffs clarified the specific information they are seeking regarding the sales: who the entities were sold to, why they were sold, when they were sold, whether they were appraised, whether there were other offers, and the amount of the sale. With these clarifications, Plaintiffs have adequately

---

[44] (Doc. No. 265-1 at 4.)

[45] (Doc. no. 265-2 at 4.)

[46] DUCivR 30-2.

[47] *SMHG Phase I LLC v. Eisenberg*, No. 1:22-cv-00035-DBB-JCB, 2023 U.S. Dist. LEXIS 34450, at *3 (D. Utah Feb. 27, 2023) (unpublished) (alteration in original) (citation omitted).

[48] *See Ward v. Nesibo*, No. 4:22-cv-00054-DN-PK, 2023 U.S. Dist. LEXIS 83846, at *5–6 (D. Utah May 11, 2023) (unpublished).

"describe[d] with reasonable particularity the matters for examination."[49] Therefore, AKA's objections to topic 19 are overruled, subject to Plaintiffs' clarifications at the hearing.

Topic 20

Topic 20 addresses "[d]ocuments prepared in the ordinary course of business to provide financial information to investors in AKA" and five named entities.[50] AKA objects that this topic contains multiple subparts and is overly broad and unduly burdensome, but states it will produce a witness if Plaintiffs provide clarification regarding the documents at issue.[51]

This topic is fairly construed as addressing a common theme of documents prepared to provide information to investors. At the hearing, Plaintiffs clarified they are seeking information regarding the types of documents AKA uses to provide financial information to its investors regarding their investments. AKA indicated this was sufficient for it to designate and prepare a witness. Therefore, AKA's objections to topic 20 are overruled, subject to Plaintiffs' clarifications at the hearing.

Topics 21 through 33

The deposition notice included thirty-three topics,[52] and AKA objects to topics 21 through 33 because they exceed the numerical limit in the District of Utah's local rules.[53] The

---

[49] Fed. R. Civ. P. 30(b)(6).

[50] (Doc. No. 265-1 at 5.)

[51] (Doc. No. 265-2 at 4.)

[52] (*See* Doc. No. 265-1 at 5–7.)

[53] (Doc. No. 265-2 at 5.)

12

applicable rule limits a Rule 30(b)(6) deposition notice to twenty topics "[u]nless otherwise agreed to by the parties or ordered by the Court upon a showing of good cause."[54]

Plaintiffs have not demonstrated good cause to exceed the twenty-topic limit. Plaintiffs argue they can address all topics within the seven-hour time limit, but this time limit is a separate requirement. The limit on the number of topics addresses the burden on the entity in preparing a witness to testify. Plaintiffs have not demonstrated good cause to burden AKA with preparing a witness to testify on thirteen additional topics. Considering the claims and defenses in this case, and based a review of the noticed topics, no more than twenty topics are warranted. Many of Plaintiffs' first twenty topics focus on AKA's QuickBooks files and financial records. While Plaintiffs are free to use their allotted topics to focus on this issue, they have not demonstrated twenty topics are insufficient to depose AKA regarding the claims and defenses in this action. Therefore, AKA's objection to topics 21 through 33 is sustained, and these topics are stricken.

At the hearing, Plaintiffs requested leave to select which twenty of their thirty-three noticed topics to proceed with. This request is denied. The parties have already litigated, and the court has now adjudicated, specific objections related to the first twenty topics. Permitting Plaintiffs to choose substitute topics would restart this process and leave insufficient time for AKA to prepare its designee(s), where the deposition is set for June 30, 2023. Plaintiffs must proceed with the first twenty topics listed in the notice.

**D. Requests for Attorney Fees**

Plaintiffs seek an award of attorney fees for all three motions. These requests are denied for the following reasons:

---

[54] DUCivR 30-2.

    1)    Docket number 250: Where this motion was denied, the fee request is also denied.

    2)    Docket number 258:  This motion was granted in part only as to the request to amend the scheduling order to permit additional discovery, and Plaintiffs have not identified any basis for awarding fees on such a motion.  Further, AKA's positions were substantially justified.  Therefore, the fee request is denied.

    3)    Docket number 263: This motion seeks resolution of objections to the Rule 30(b)(6) deposition topics, and Plaintiffs have not identified any basis for awarding fees on such a motion.  Further, this motion was granted in part and denied in part, and AKA's position were substantially justified.  Therefore, the fee request is denied.

### E. Other Issues

At the hearing, certain communication issues between Plaintiffs' counsel and AKA's counsel were addressed, and the court made the following orders:

    1)    All attorneys of record must be copied on all communications between the parties' respective counsel regarding this case.

    2)    Communications between counsel shall be civil, professional, and shall not inquire into personal matters.

## CONCLUSION

Plaintiffs' motion at docket number 250 regarding the subpoena to Jared Ludloff is denied.  Plaintiffs' motion at docket number 258 is granted in part and denied in part. Plaintiffs may propound additional requests for production seeking tax returns and audits of AKA only.  AKA has indicated it will produce these documents by June 16, 2023.

Plaintiffs' motion at docket number 263 is granted in part and denied in part.  AKA's objections to topics 2, 11, 12, 19, and 20 in the Rule 3(b)(6) notice are overruled, subject to

Plaintiffs' clarifications at the hearing regarding the scope of topics 19 and 20. AKA's objection to topic 18 is sustained, and this topic shall be limited as set forth in this order. AKA's objections to topics 21 through 33 are sustained, and these topics are stricken.

DATED this 16th day of June, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

15