UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; MICHAEL HOWARD; and GREENFILL WOODLAND CREEK APTS, LLC,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 236 & 256)**<br><br>Case No. 2:19-cv-00999<br><br>District Judge David Barlow<br><br>Magistrate Daphne A. Oberg |
| KENT ANDERSON and MICHAEL HOWARD,<br><br>    Counterclaimants, Crossclaimants, and Third-Party Plaintiffs,<br><br>v.<br><br>NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>    Counterclaim Defendants,<br><br>MICHAEL S. ANDERSON,<br><br>    Crossclaim Defendant, and<br><br>REALSOURCE BROKERAGE SERVICES, L.C.; REALSOURCE PROPERTIES, LLC; REALSOURCE RESIDENTIAL, LLC, and JOHN DOES 1-100,<br><br>    Third-Party Defendants. | |

1

Plaintiffs Nathan W. Hanks and RealSource Equity Services, LLC and Defendant AKA Partners, LC have filed motions to seal[1] portions of Plaintiffs' Second Short-Form Motion to Compel Against Defendant AKA Partners, LC Re: QuickBooks[2] and exhibits 1 and 11 to this discovery motion. Plaintiffs' motion to seal is based solely on AKA's "attorneys' eyes only" designations.[3] In its motion, AKA argues these documents warrant sealing because they contain AKA's confidential business information, including sensitive financial information.[4] No opposition to the motions to seal has been filed.

"Courts have long recognized a common-law right of access to judicial records."[5] However, this right is "not absolute."[6] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[7] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[8] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[9] But "a party may overcome

---

[1] (Doc. Nos. 236 & 256.)

[2] (Doc. No. 235.)

[3] (*See* Doc. No. 236.)

[4] (*See* Doc. No. 256.)

[5] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] *Id.* (citation omitted).

[7] *Id.* (internal quotation marks omitted).

[8] *Id.* (internal quotation marks omitted).

[9] *Id.* at 1242 (alteration in original) (citation omitted).

the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[10]

AKA has demonstrated the documents at issue warrant sealing at this stage. Exhibit 11 contains a profit and loss statement and balance sheet generated from AKA's QuickBooks files. The redacted portion of exhibit 1 (a letter from Plaintiffs' expert) contains a detailed discussion of this financial information, and the redacted portions of the motion quote from these exhibits. Public disclosure of this information could cause competitive harm, and courts have consistently found this type of confidential financial information is appropriately sealed.[11] Thus, AKA has articulated a significant interest weighing against the presumption of public access for these documents. Further, the public's interest in access to these documents is low at this stage, where the documents merely relate to a discovery dispute and have not been used to determine the litigants' substantive legal rights. Indeed, the court's order on the discovery motion does not mention the sealed exhibits or specific financial information.[12] Under these circumstances, AKA's interest in protecting its sensitive financial information outweighs the presumption of public access.[13]

---

[10] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[11] *See, e.g.*, *AH Aero Serv., LLC v. Heber City*, No. 2:17-cv-01118, 2020 U.S. Dist. LEXIS 195061, at *9 (D. Utah Oct. 19, 2020) (unpublished) ("Profit and loss statements are precisely the type of sensitive business information that should be sealed."); *Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-1267-RSM, 2013 U.S. Dist. LEXIS 49751, at *7 (W.D. Wash. Apr. 5, 2013) (unpublished) (sealing profit and loss statements and balance sheets).

[12] (*See* Doc. No. 235.)

[13] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

CONCLUSION

The motions to seal[14] are GRANTED. The unredacted versions of Plaintiffs' Second Short-Form Motion to Compel and exhibits 1 and 11[15] thereto shall remain sealed until otherwise ordered.

DATED this 26th day of June, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[14] (Doc. Nos. 236 & 256.)

[15] These documents are filed under seal at docket number 240.