UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>      Plaintiffs,<br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; MICHAEL HOWARD; and GREENFILL WOODLAND CREEK APTS, LLC,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MICHAEL S. ANDERSON'S MOTION TO STRIKE ANSWER TO HIS CROSSCLAIM AGAINST NATHAN HANKS (DOC. NO. 292)**<br><br>Case No. 2:19-cv-00999<br><br>District Judge David Barlow<br><br>Magistrate Daphne A. Oberg |
| KENT ANDERSON and MICHAEL HOWARD,<br><br>      Counterclaimants, Crossclaimants, and Third-Party Plaintiffs,<br>v.<br><br>NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>      Counterclaim Defendants,<br><br>MICHAEL S. ANDERSON,<br><br>      Crossclaim Defendant, and<br><br>REALSOURCE BROKERAGE SERVICES, L.C.; REALSOURCE PROPERTIES, LLC; REALSOURCE RESIDENTIAL, LLC, and JOHN DOES 1-100,<br><br>      Third-Party Defendants. | |

1

This case involves disputes among numerous parties regarding an agreement between an original plaintiff, Nathan Hanks, and an original defendant, Michael Anderson.[1]  Parties on both sides of the case have filed crossclaims, counterclaims, and third-party claims, creating an ever-dancing web of claims surrounding the agreement.  On October 7, 2020, M. Anderson[2] filed a crossclaim for indemnity against Mr. Hanks, alleging the agreement obligated Mr. Hanks to indemnify M. Anderson for any claims brought by two original defendants, Kent Anderson and Michael Howard, against M. Anderson.[3]  But the crossclaim sat in limbo for years: Mr. Hanks did not file an answer to the crossclaim until July 13, 2023[4]—nearly three years after the twenty-one day answer deadline—and M. Anderson never moved for default.  In his late-filed answer, Mr. Hanks asserted several fact-intensive affirmative defenses to the crossclaim, including waiver, estoppel, laches, unclean hands, and failure to mitigate.[5]

M. Anderson moves to strike the answer to the crossclaim, arguing Mr. Hanks missed the deadline and permitting a late answer asserting substantive defenses would prejudice M.

---

[1] (*See* Third. Am. Compl. 5, Doc. No. 214.)

[2] This order refers to parties Michael Anderson and Kent Anderson by either their full names or their first initials and last names, for clarity.

[3] (Michael S. Anderson's Reply to Kent Anderson and Michael Howard's Countercl. and Cross-cl.; Michael S. Anderson's Cross-cl.; Michael S. Anderson's Cross-cl. for Indemnity Against Nathan W. Hanks ("Cross-cl.") 10–11, Doc. No. 74.)  The court clerk refiled the crossclaim as docket number 103 on February 25, 2021 to correctly identify the document.  (*See* Cross-cl. for Indemnity Against Nathan W. Hanks, Doc. No. 103.)

[4] (*See* Answer to Michael Anderson's Cross-cl. ("Answer"), Doc. No. 289.)

[5] (*See id.* at 3–6.)

Anderson given that fact discovery is already closed.[6] Mr. Hanks opposes the motion to strike, arguing the Federal Rules of Civil Procedure do not allow courts to strike late pleadings; M. Anderson should have moved for default instead of moving to strike; and allowing the late answer would not prejudice M. Anderson.[7] Because Mr. Hanks has not shown his years-late answer was due to excusable neglect, the motion to strike is granted.

## LEGAL STANDARDS

Under Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, a party must serve an answer to a crossclaim within twenty-one days of being served with the crossclaim.[8] Notwithstanding this, under Rule 6(b)(1) of the Federal Rules of Civil Procedure, a court may for good cause extend a deadline which has already passed "if the party failed to act because of excusable neglect."[9] When assessing excusable neglect, courts analyze "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[10]

---

[6] (Michael S. Anderson's Mot. to Strike Answer to His Crossclaim Against Nathan Hanks ("Mot. to Strike"), Doc. No. 292.)

[7] (Mem. in Opp'n to Mot. to Strike Answer to Cross-cl. Against Nathan Hanks ("Opp'n"), Doc. No. 301.)

[8] Fed. R. Civ. P. 12(a)(1)(B).

[9] Fed. R. Civ. P. 6(b)(1)(B).

[10] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswisk Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

ANALYSIS

Mr. Hanks' answer was late because it was not filed within the twenty-one-day deadline for responses to crossclaims.[11] As explained below, when pleadings violate the Federal Rules of Civil Procedure, courts have inherent authority to strike them. Although courts may extend deadlines for parties to file pleadings upon a showing of excusable neglect, Mr. Hanks has not shown excusable neglect. Accordingly, the court declines to extend the answer deadline and strikes Mr. Hanks' late answer.

Under the federal rules, Mr. Hanks' deadline to answer M. Anderson's crossclaim was October 28, 2020, twenty-one days after the crossclaim was filed.[12] However, Mr. Hanks did not file an answer until July 13, 2023—nearly three years later.[13] In response to M. Anderson's motion to strike the late answer, Mr. Hanks asserts a number of arguments which are discussed in turn below.

Mr. Hanks first argues the Federal Rules of Civil Procedure do not allow a motion to strike a late answer.[14] But courts have inherent authority to strike filings that violate the rules.[15]

---

[11] *See* Fed. R. Civ. P. 12(a)(1)(B).

[12] *See id.*; (Cross-cl., Doc. No. 74.)

[13] (*See* Answer, Doc. No. 289.)

[14] (Opp'n 3–5, Doc. No. 301.)

[15] *See, e.g.*, *Utah Republican Party v. Herbert*, No. 2:14-cv-00876, 2015 U.S. Dist. LEXIS 144392, at *9 (D. Utah Oct. 22, 2015) (unpublished) ("A federal trial court has *inherent* authority to manage its docket. This inherent authority includes the ability to strike untimely motions and oppositions." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962))).

It is not uncommon for courts to strike late answers.[16] It would be a peculiar system if courts were unable to enforce the deadlines provided by the Federal Rules of Civil Procedure.

Mr. Hanks next argues Rule 55 of the Federal Rules of Civil Procedure, not Rule 6(b), governs late answers—and M. Anderson should have moved for default instead of moving to strike the answer.[17] Whether or not M. Anderson could have moved for default under Rule 55 after Mr. Hanks failed to timely answer, this is a separate issue from Mr. Hanks' obligation under the rules. Mr. Hanks has not shown how the availability of default under Rule 55 authorizes Mr. Hanks to disregard Rule 12(a)(1)(B)'s requirement that he respond to the crossclaim within twenty-one days. Rule 55 merely *permits* a party to move for default; nothing in the rule suggests a party can file a pleading as late as she wants if the opposing party does not move for default. And as noted above, courts have inherent authority to strike late pleadings. Contrary to Mr. Hanks' suggestion, Rule 6(b) governs late answers, and provides that a court may extend a deadline which has already passed only if the party seeking extension shows her failure to act was due to "excusable neglect."[18]

Here, the factors relevant to an excusable neglect inquiry—prejudice to the nonmoving party, the length of the delay and its impact on the case, the reason for the delay, and whether the

---

[16] *See, e.g.*, *Nexmed Holdings, Inc. v. Block Inv., Inc.*, No. 2:04-CV-288, 2006 U.S. Dist. LEXIS 4092, at *6 (D. Utah Jan. 17, 2006) (unpublished) (striking late answer where defendant failed to show excusable neglect under Rule 6(b)); *see also Amick v. Ohio Dep't of Rehab. & Corr.*, 2011 U.S. Dist. LEXIS 102680, at *6 (S.D. Ohio Sept. 8, 2011) (unpublished) (gathering district court opinions to show untimely answers are "routinely stricken").

[17] (Opp'n 5–6, Doc. No. 301.)

[18] Fed. R. Civ. P. 6(b)(1)(B).

movant acted in good faith—do not support permitting a late answer. As M. Anderson points out, discovery is closed in this case.[19] Because Mr. Hanks filed his answer to the crossclaims so late, M. Anderson has been unable to conduct fact discovery on any of the numerous fact-intensive defenses it contains.[20] The lack of discovery on these defenses would prejudice M. Anderson, and reopening discovery at this stage would significantly delay the case, which has already had numerous discovery extensions.[21] Mr. Hanks has offered no reason or justification for the nearly three-year delay and has made no argument regarding whether he acted in good faith.[22] Overall, these factors weigh against a finding of excusable neglect.

Mr. Hanks argues M. Anderson will not be prejudiced by the late answer because a crossclaim for indemnity cannot "accrue" until M. Anderson is determined to be liable, which has not happened.[23] Mr. Hanks also asserts M. Anderson's indemnity crossclaim is actually an affirmative defense mislabeled as a crossclaim, and does not require a response.[24] But arguments as to the merits of M. Anderson's crossclaim are not properly before the court; such

---

[19] (*See* Ninth. Am. Scheduling Order, Doc. No. 244 (showing discovery closed on June 23, 2023).)

[20] (*See* Mot. to Strike 4, Doc. No. 292.)

[21] (*See* Order Granting in Part and Den. in Part Pls.' Mot. for Extension of Expert Witness Deadlines 2, Doc. No. 287) (noting the scheduling order had been amended nine times, and stating "[t]he court has previously indicated, due to the age of the case and the number of prior extensions, it is not inclined to grant further extensions").

[22] Notably, Mr. Hanks never moved for leave to file a late answer under Rule 6(b). But even liberally construing his Memorandum in Opposition, (Doc. No. 301), as a Rule 6(b) motion, Mr. Hanks fails to make the requisite showing of excusable neglect.

[23] (Opp'n 7, Doc. No. 301.)

[24] (*Id.* at 8–11.)

arguments may only be made in a timely filed dispositive motion. Moreover, if it is true the crossclaim does not require an answer, striking Mr. Hanks' answer will have no impact.

Finally, Mr. Hanks argues M. Anderson will not be prejudiced because the crossclaim merely raises a legal issue regarding the interpretation of the agreement, which must be addressed at some point anyway, since the entire case involves the interpretation of the agreement.[25] Regardless of whether this is true, Mr. Hanks' late answer raises fact-intensive defenses which are not merely legal issues and would require the reopening of discovery. Permitting this answer, nearly three years late, will prejudice M. Anderson and further delay proceedings in the case. Because Mr. Hanks has not made a showing of excusable neglect under Rule 6(b), Mr. Hanks' late answer is not permitted.

## CONCLUSION

Because Mr. Hanks filed his answer to Mr. Anderson's counterclaim years after the deadline to do so, and he has not made a showing of excusable neglect under Rule 6(b), M. Anderson's motion to strike[26] is GRANTED. Mr. Hanks' Answer to Michael Anderson's Crossclaim[27] is hereby STRICKEN.

DATED this 7th day of November, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[25] (*Id.* at 11.)

[26] (Doc. No. 292.)

[27] (Doc. No. 289.)