THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; MICHAEL HOWARD; and GREENFILL WOODLAND CREEK APTS, LLC,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [247] OBJECTION TO MEMORANDUM DECISION AND ORDER GRANTING MICHAEL S. ANDERSON'S MOTION TO STRIKE ANSWER TO HIS CROSSCLAIM AGAINST NATHAN HANKS (DOC. NO. 292)**<br><br>Case No. 2:19-cv-00999-DBB-DAO<br><br>District Judge David Barlow |
| KENT ANDERSON and MICHAEL HOWARD,<br><br>    Counterclaimants, Cross-claimants, and Third-Party Plaintiffs,<br><br>v.<br><br>NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>    Counterclaim Defendants,<br><br>MICHAEL S. ANDERSON,<br><br>    Crossclaim Defendant,<br><br>REALSOURCE BROKERAGE SERVICES, L.C.; REALSOURCE PROPERTIES, LLC; REALSOURCE RESIDENTIAL, LLC, and JOHN DOES 1–100,<br><br>    Third-Party Defendants. | |

1

Before the court is Plaintiff Nathan W. Hanks's ("Mr. Hanks") Objection to Memorandum Decision and Order Granting Michael S. Anderson's Motion to Strike Answer to His Crossclaim Against Nathan Hanks.[1] Mr. Hanks objects to Magistrate Judge Daphne A. Oberg's Memorandum Decision and Order[2] granting Defendant Michael S. Anderson's ("Mr. Anderson") motion to strike Mr. Hanks's answer.[3] For the reasons below, the court overrules Mr. Hanks's Objection.[4]

## BACKGROUND

Filed on December 27, 2019,[5] this case has a lengthy procedural history. The court discusses only the relevant background. On October 7, 2020, Mr. Anderson filed a crossclaim against Mr. Hanks for express indemnity.[6] Mr. Anderson alleged that a March 2018 agreement obligated Mr. Hanks to indemnify him for all claims and liability arising out of RealSource Brokerage Services, L.C.'s use of principal brokerage licenses during the relevant period.[7] Mr. Hanks filed an answer almost three years later that asserts 24 affirmative defenses.[8]

On July 28, 2023, Mr. Anderson moved to strike the belated answer.[9] Mr. Anderson argued that Mr. Hanks could not show any good cause or excusable neglect for the nearly three-

---

[1] Obj. to Mem. Decision & Order Granting Michael S. Anderson's Mot. to Strike Answer to Cross-cl. Against Nathan Hanks ("Obj. to Mag. J. Order"), ECF No. 347, filed Nov. 22, 2023.
[2] Mem. Decision & Order Granting Michael S. Anderson's Mot. to Strike Answer to His Cross-cl. Against Nathan Hanks ("Mag. J. Order"), ECF No. 322, filed Nov. 8, 2023.
[3] Michael S. Anderson's Mot. to Strike Answer to His Cross-cl. Against Nathan Hanks ("Mot. to Strike"), ECF No. 292, filed July 28, 2023.
[4] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).
[5] ECF No. 2.
[6] Michael S. Anderson's Cross-cl. for Indemnity Against Nathan W. Hanks ("Cross-cl."), ECF No. 103 (the filing was originally docketed as ECF No. 74).
[7] *Id.* at 10–12.
[8] Answer to Michael Anderson's Cross-cl. ("Answer to Cross-cl.") 3–6, ECF No. 289, filed July 13, 2023.
[9] *See* Mot. to Strike.

year delay.[10] After briefing,[11] the magistrate judge issued a Memorandum Decision and Order granting the motion to strike.[12] She reasoned that because Mr. Hanks failed to meet Rule 12(a)'s 21-day deadline to answer a crossclaim, the court had inherent authority to strike the late filing under Rule 6(b) unless Mr. Hanks could show excusable neglect.[13] The magistrate judge found no such showing and so granted Mr. Anderson's motion and struck Mr. Hanks's answer.[14]

Mr. Hanks filed a timely objection on November 22, 2023.[15] He offers various arguments for why the magistrate judge applied the wrong legal standard and erred in striking his answer.[16] Mr. Anderson responded on December 12.[17]

## STANDARD

If so designated, a magistrate judge has authority under 28 U.S.C. § 636(b)(1)(A) to decide non-dispositive pretrial matters.[18] When a court reviews a magistrate judge's decision on a non-dispositive matter, "the district court must 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"[19] "Under the clearly erroneous standard, 'the reviewing court [must] affirm unless it . . . is left with the definite and firm conviction that a mistake has

---

[10] *See id.* at 2–4.
[11] *See* Mem. in Opp'n to Mot. to Strike Answer to Cross-cl. Against Nathan Hanks ("Opp'n"), ECF No. 301, filed Aug. 11, 2023; Michael S. Anderson's Reply in Support of His Mot. to Strike Answer to His Cross-cl. Against Nathan Hanks, ECF No. 310, filed Aug. 25, 2023.
[12] *See* Mag. J. Order.
[13] *Id.* at 4–5.
[14] *Id.* at 5–7.
[15] *See* Obj. to Mag. J. Order.
[16] *Id.* at 8–17.
[17] Michael S. Anderson's Resp. to Nathan W. Hanks's Objs. to Mem. Decision & Order Granting Michael Anderson's Mot. to Strike Answer to Cross-cl. Against Nathan Hanks ("Resp."), ECF No. 358.
[18] 28 U.S.C. § 636(b)(1)(A).
[19] *Delsa Brooke Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1172 (10th Cir. 2020) (quoting Fed. R. Civ. P. 72(a)).

been committed.'"[20] The "'contrary to law' standard" requires that "the district court conduct[] a plenary review of the magistrate judge's legal determinations, [and] set[] aside the magistrate judge's order if it applied an incorrect legal standard."[21] "[T]heories raised for the first time in objections to the magistrate judge's [decisions] are deemed waived."[22]

## DISCUSSION

The threshold inquiry is whether the magistrate judge had authority to issue an order granting Mr. Anderson's motion to strike. In March 2020, the court referred the instant case to a magistrate judge under 28 U.S.C. § 636(b)(1)(A).[23] This section "establishes that magistrate[] [judges] may hear and determine any pretrial matters pending before the court, *save for* . . . '*dispositive*' motions."[24] A motion to strike is non-dispositive.[25] For this reason, the magistrate judge had authority to decide the motion.[26]

Federal Rule of Civil Procedure 72(a)'s standard therefore applies to Mr. Hanks's Objection. The court will modify or set aside the magistrate judge's decision only upon a finding of clear error or application of an incorrect legal standard. Mr. Hanks's arguments for de novo

---

[20] *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)); *see United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948).
[21] *Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1177 (D.N.M. 2019) (citing 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3069, at 350 (4th ed. 2018)); *see In re Motor Fuel Temperature Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (setting aside order when the magistrate judge "applied an incorrect legal standard or failed to consider an element of the applicable standard").
[22] *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also Flor v. Univ. of N.M.*, 469 F. Supp. 3d 1143, 1158 n.13 (D.N.M. 2020) ("Because [the p]laintiff's new arguments are raised for the first time in his [o]bjections . . . , the [c]ourt deems them waived." (citing *Standing Akimbo, LLC v. United States through Internal Revenue Serv.*, 955 F.3d 1146, 1154 (10th Cir. 2020))).
[23] ECF No. 32.
[24] *Quint v. Vail Resorts, Inc.*, 84 F.4th 918, 922 (10th Cir. 2023) (quoting *Ocelot Oil*, 847 F.2d at 1461).
[25] *See Allen*, 468 F.3d at 658.
[26] *See, e.g.*, *Mile High Indus. v. Cohen*, 222 F.3d 845, 852 (10th Cir. 2000).

review under Rule 72(b) are inapt.[27] The court reviews the applied legal standard and the magistrate judge's reasoning in turn.

### I. The Magistrate Judge Applied the Correct Legal Standard.

The court first addresses Mr. Hanks's objection to the applied legal standard. The magistrate judge noted that a party must answer a crossclaim within 21 days of service.[28] Because Mr. Hanks did not file a timely answer, the magistrate judge observed that Rule 6(b)(1) permits a court to extend a deadline for good cause "if the party failed to act because of excusable neglect."[29] The magistrate judge applied the relevant factors for "excusable neglect": "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[30]

Mr. Hanks contends the magistrate judge should have looked to Rule 55(c) and its "good cause" standard. In particular, Mr. Hanks argues that Mr. Anderson never sought default judgment on the indemnity issue and so Rule 55 governs.[31] He contends Rule 55(c), concerning setting aside a default or a default judgment, establishes "the correct standard in determining whether an answer filed late should be stricken under the court's inherent authority."[32] Mr. Hanks describes the standard as "a lesser standard than excusable neglect[.]"[33] In Mr. Hanks's view, the magistrate judge should have considered "whether the default was willful; (2) whether

---

[27] Mr. Hanks incorrectly cites 28 U.S.C. § 636(b)(1)(B), which deals with magistrate judges issuing report and recommendations for dispositive matters. Obj. to Mag. J. Order 5.
[28] Mag. J. Order 3 (citing Fed. R. Civ. P. 12(a)(1)(B)).
[29] *Id.* (quoting Fed. R. Civ. P. 6(b)(1)(B)).
[30] *Id.* (alteration in original) (quoting *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).
[31] Obj. to Mag. J. Order 4.
[32] *Id.* at 9–10.
[33] *Id.* at 6.

[he] has a meritorious defense; and (3) whether any prejudice will result to [Mr. Anderson] if relief is granted."[34]

The court "has inherent authority to manage its docket, including the authority to strike filings."[35] Mr. Hanks concedes this point.[36] As such, Rule 6(b) provides the method for extending deadlines.[37] The court may permit a late filing only if the party shows excusable neglect. Otherwise, the court is well within its power to strike a late filing. Here, it is undisputed that Mr. Hanks's answer was due October 28, 2020, but Mr. Hanks did not file an answer until July 13, 2023.[38] Rule 6(b) thus governs.

Mr. Hanks cites no authority for the proposition that a court should look to Rule 55.[39] Instead, he tries to distinguish authority cited in the magistrate judge's decision: *United States v. Torres*[40] and *Utah Republican Party v. Herbert*.[41] Mr. Hanks contends *Torres*'s reasoning does not extend to the late filing of an answer.[42] Not so. The court in *Torres*, citing the Supreme

---

[34] *Id.* (quoting *United States v. Talmage*, No. 1:16-cv-00019, 2016 WL 7007321, at *2 (D. Utah Nov. 30, 2016)).
[35] *United States v. Gorski*, No. 20-20018-02, 2023 WL 8354861, at *1 (D. Kan. Dec. 1, 2023) (quoting *Kirven v. Curry Cnty. Det. Ctr.*, 407 F. Supp. 3d 1184, 1185 (D.N.M. 2019); *accord Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 699 n.106 (11th Cir. 2010); *Lawrence v. Bowersox*, 297 F.3d 727, 734 (8th Cir. 2002); *see Nexmed Holdings, Inc. v. Block Inv., Inc.*, No. 2:04-cv-00288, 2006 WL 120261, at *2 (D. Utah Jan. 17, 2006) (striking answer that was one-and-a-half years late for the party's inability to show excusable neglect); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (identifying the "inherent power" courts have "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) ("The power of district courts to manage their dockets is deeply ingrained in our jurisprudence.").
[36] Obj. to Mag. J. Order 8 ("Mr. Hanks agrees the [c]ourt has the inherent authority to strike an [a]nswer[.]").
[37] Fed. R. Civ. P. 6(b); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) ("Rule 6(b) sets out the proper approach in the case of late filings.").
[38] *See* Cross-cl.; Answer to Cross-cl. Mr. Hanks never moved for leave to file an answer past the deadline. *See* Docket. Even so, the magistrate judge "liberally construed" Mr. Hanks's opposition to Mr. Anderson's motion to strike as a Rule 6(b) motion. Mag. J. Order 6 n.22.
[39] Mr. Hanks cites Rule 55, which states that a "court may set aside an *entry of default* for good cause, and it may set aside a *final default judgment* under Rule 60(b)." Fed. R. Civ. P. 55(c) (emphases added). Mr. Anderson has not moved for default or default judgment against Mr. Hanks. *See* Docket.
[40] 372 F.3d 1159.
[41] No. 2:14-cv-00876, 2015 WL 6394534 (D. Utah Oct. 22, 2015).
[42] Obj. to Mag. J. Order 8.

6

Court, described the "excusable neglect" standard in the context of "*late filings* caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[43] The court did not limit the standard to late appeals. Similarly, Mr. Hanks argues that the court's findings in *Herbert* did not extend beyond briefs supporting dispositive motions.[44] Mr. Hanks's argument is inapt. The magistrate judge cited *Herbert* merely for the proposition that a court has "*inherent* authority to manage its docket."[45] That the court in *Herbert* discussed this rule in a case about an opposition to a summary judgment motion is irrelevant.

To support his arguments, Mr. Hanks relies on two district court cases: *Heber v. United States*[46] and *John v. Sotheby's, Inc.*[47] But these cases are factually inapposite. In *Heber*, the court denied the plaintiff's motion to strike an answer after applying Rule 55(c)'s "good cause" standard.[48] Yet the defendant in *Heber* answered the complaint only three weeks late.[49] The pro se plaintiff moved to strike the answer and dismiss the action under Rule 12(f), seeking *all* relief requested in his complaint.[50] The court reasoned that Rule 55's standard applied because the substance of the plaintiff's motion was that the defendant's failure to timely respond operated as a default and therefore the motion to strike "[wa]s equivalent to a motion for entry of default[.]"[51]

---

[43] 372 F.3d at 1162 (emphasis added) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).
[44] Obj. to Mag. J. Order 8.
[45] Mag. J. Order 4 n.15 (quoting *Herbert*, 2015 WL 6394534, at *3).
[46] 145 F.R.D. 576, 578 (D. Utah 1992).
[47] 141 F.R.D. 29 (S.D.N.Y. 1992)
[48] 145 F.R.D. at 578.
[49] *Id.* at 577.
[50] *Id.*
[51] *Id.*

Here, counsel represents Mr. Hanks. He answered the complaint almost three years after the deadline. And in moving to strike Mr. Hanks's answer, Mr. Anderson does not seek complete relief and dismissal of all claims in the action.[52] Besides, *Heber* is not mandatory authority. The magistrate judge did not act "contrary to law" by declining to follow a case which could only serve as persuasive authority, neither did she err in declining to follow other out-of-circuit cases that do not bind the court.[53]

In sum, the court finds that the magistrate judge did not apply an incorrect legal standard when she held Mr. Hanks to Rule 6(b)'s excusable neglect standard.

## II. The Magistrate Judge's Decision Was Not Clearly Erroneous.

Mr. Hanks objects to the magistrate judge's findings as to excusable neglect and prejudice. He contends that "excusabl[e] neglect was counsel's error, and it was particularly excusable because [Mr.] Anderson engaged in discovery as if the claim was answered and never sought a default judgment for failure to answer."[54] Mr. Hanks further contends Mr. Anderson will not face prejudice because he has identified no need for additional fact discovery on Mr. Hanks's affirmative defenses.[55] As Mr. Hanks argues, the court can "solve any claim of prejudice" by striking all but eleven affirmative defenses, which purportedly only hinge on legal questions and thus require no fact discovery.[56]

---

[52] *See* ECF No. 104, at 11–12 (alleging that Mr. Hanks should indemnify him for claims asserted by Kent Anderson and Michael Howard).
[53] *John*, 141 F.R.D. 29 (denying motion to strike an answer that included counterclaims and that sought to institute an interpleader action).
[54] Obj. to Mag. J. Order 9 n.13.
[55] *Id.* at 11–14.
[56] *Id.* at 14.

In reviewing Mr. Hanks's objections, the court asks whether a mistake has been committed. Here, the magistrate judge examined the factors relevant to an excusable neglect inquiry: prejudice, the delay's length, reason for the delay, and good faith.

As to prejudice, the magistrate judge rejected Mr. Hanks's argument that a crossclaim for indemnity does not accrue until a fact finder determines Mr. Anderson's liability. The magistrate judge reasoned that such an argument goes to the merits of the crossclaim and thus was "not properly before the court[.]"[57] She concluded that Mr. Hanks's nearly three-years-late answer raises "fact-intensive defenses" that would require reopening discovery and thus delay the case.[58]

The court finds no error in the magistrate judge's analysis. Whether a fact-finder later determines Mr. Anderson's liability does not erase the fact that many of Mr. Hanks's affirmative defenses would likely require additional discovery.[59] Mr. Hanks concedes this point, stating that "many" of the affirmative defenses—but not all—are based on the agreement itself.[60] He further implies that because previous discovery in the action "was extensive," Mr. Anderson requires no further discovery.[61] What is more, Mr. Hanks tries to shift the burden to Mr. Anderson and this court. Mr. Hanks claims that neither the magistrate judge nor Mr. Anderson specify what discovery is needed to respond to the affirmative defenses, which probable facts are unavailable, and why such facts cannot be now presented.[62] Last, Mr. Hanks's suggestion that the court can

---

[57] Mag. J. Order 6.
[58] *Id.* at 7.
[59] *E.g.*, Answer to Cross-cl. 3–4 (asserting affirmative defenses of lack of consideration, failure of consideration, frustration of purpose, novation, substantial performance, impossibility and/or mistake; fulfilled obligations; the doctrines of imputation and/or in pari delicto; failure to mitigate; and independent intervening and/or superseding causes).
[60] Obj. to Mag. J. Order 12.
[61] *Id.* at 13.
[62] *Id.* at 12–13.

simply strike 13 of the 24 affirmative defenses is not an argument for lack of prejudice. Quite the opposite. In effect, Mr. Hanks argument implies that without additional discovery, more than half of the affirmative defenses *will* prejudice Mr. Anderson. More importantly, Mr. Hanks never suggested in briefing before the magistrate judge that the court should strike only some of the affirmative defenses. The court will not consider arguments presented for the first time in an objection.[63]

The magistrate judge further reasoned that the delay's significant length supported her findings. It is undisputed that Mr. Hanks waited almost three years before filing his answer to Mr. Anderson's crossclaim. Courts have found more than one year's delay as substantial.[64]

Next, the magistrate judge noted that Mr. Hanks "offered no reason or justification for the nearly three-year delay and ha[d] made no argument regarding whether he acted in good faith."[65] To that end, Mr. Hanks now argues that his failure to timely file was an "unknowing, inadvertent error" by counsel.[66] The problem is that in Mr. Hanks's earlier briefing, he did not make this argument, let alone provide any evidence to support it. In fact, the word "inadvertence" appears

---

[63] *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge[] . . . are deemed waived." (citing *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988))).
[64] *See, e.g.*, *United States v. Dillard*, 884 F. Supp. 2d 1177, 1184 (D. Kan. 2012), *aff'd*, 795 F.3d 1191 (10th Cir. 2015) (over a year); *United States v. Reorganized CF&I Fabricators of Utah, Inc.*, No. 94-C-903, 1995 WL 459304, at *2 (D. Utah May 18, 1995) (year and a half); *Candelaria v. Molina Healthcare, Inc.*, No. CV 18-725, 2019 WL 4643946, at *7 (D.N.M. Sept. 24, 2019) (ninety days); *cf. Nasserziayee v. Ruggles*, No. 4:19-cv-00022, 2022 WL 79899, at *5 (D. Utah Jan. 7, 2022) (finding several weeks' delay as not substantial); *Hickman v. Shack, LLC*, No. AP 19-01042, 2020 WL 5049206, at *2 (W.D. Okla. Aug. 21, 2020) (describing a three-week delay as "relatively short"); *Johnson v. Pleasant Green Missionary Baptist Church, Inc.*, No. 12-2493, 2013 WL 183735, at *2 (D. Kan. Jan. 17, 2013) (couple of months was "relatively innocuous").
[65] Mag. J. Order 6.
[66] Obj. to Mag. J. Order 6–7 (citing Decl. of Lisa C. Rico in Support of Obj. to Recommendation & Ruling, ECF No. 347-1). Mr. Hanks offers a second declaration to further support his inadvertence argument. *See* Decl. of Mark A. Larsen in Support of Obj. to Recommendation & Ruling, ECF No. 356.

10

only once—when Mr. Hanks cites Federal Rule of Civil Procedure 60(b).[67] Yet Mr. Hanks did not argue that his late filing was inadvertent or a mistake. And he did not argue that he filed the answer in good faith. To the contrary, Mr. Hanks structured his opposition around Rule 55—not Rule 6.[68] Addressing Mr. Hanks's newly raised contentions that his late filing was unintentional and not due to bad faith would run afoul of the rule that courts will not treat arguments or theories raised for the first time in an objection to a magistrate judge's order.[69]

      Mr. Hanks makes several other arguments: that there is a strong public policy to resolve cases on the merits, that the "default" was not willful, that Mr. Hanks offers meritorious defenses, that Mr. Anderson colluded with other parties, and that the court lacks jurisdiction because Mr. Anderson's indemnification claim will not ripen until after a liability determination.[70] The court need not consider these arguments because Mr. Hanks raises them for the first time here.[71]

      Having reviewed the magistrate judge's decision and Mr. Hanks's objections, the court is not left with a definite and firm conviction of any mistake. The magistrate judge applied the correct standard to the relevant facts and reached a conclusion supported with proper authority.

---

[67] Opp'n 6 ("Rule 60(b)(1) allows a party relief from the default judgment on a motion showing 'mistake, inadvertence, surprise, or excusable neglect.'" (quoting Fed. R. Civ. P. 60(b)(1))).
[68] In his Objection, Mr. Hanks doubles down on his argument that Rule 55 provides the correct standard. *See* Obj. to Mag. J. Order 8 ("Excusable neglect is not the correct standard for review for an answer filed late.").
[69] *Garfinkle*, 261 F.3d at 1031 (citing *Marshall*, 75 F.3d at 1426).
[70] Obj. to Mag. J. Order 5–8, 10–11, 14–17. To the extent that Mr. Hanks's ripeness argument relates to prejudice, the court has found that the magistrate judge did not err in dismissing Mr. Hanks's arguments because they raised issues not properly before the court. *See* Mag. J. Order 6–7.
[71] Because the court does not address Mr. Hanks's newly-raised arguments about inadvertence, the court does not consider new evidence in the form of the two proffered declarations.

## ORDER

Accordingly, the court OVERRULES Plaintiffs' Objection to Memorandum Decision and Order Granting Michael S. Anderson's Motion to Strike Answer to His Crossclaim Against Nathan Hanks.[72]

Signed December 27, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[72] ECF No. 347.