THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; and MICHAEL HOWARD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [362] PLAINTIFF NATHAN HANKS' OBJECTION TO ORDER DENYING MOTION FOR LEAVE TO FILE AN ANSWER TO MICHAEL ANDERSON'S CROSSCLAIM**<br><br>Case No. 2:19-cv-999-DBB-DAO<br><br>District Judge David Barlow |
| MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; and MICHAEL HOWARD<br><br>Crossclaim Plaintiffs,<br><br>v.<br><br>NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>Counterclaim Defendants. | |

Before the court is Plaintiff Nathan Hanks's objection to the magistrate judge's order denying him leave to file an answer to Defendant Michael Anderson's crossclaim.[1] For the following reasons, the court overrules the objection.

---

[1] Nathan Hanks's Objection to Order Denying Mot. for Leave to File an Answer to Michael Anderson's Crossclaim ("Hanks's Obj."), ECF No. 362.

1

## BACKGROUND

Plaintiffs Nathan Hanks and RealSource Equity Services initially filed suit against Defendant Michael Anderson on December 27, 2019.[2] Soon after, Plaintiffs amended their complaint twice more to allege claims against Defendants Kent Anderson, Michael Howard, and AKA Partners as well.[3] In general, Plaintiffs' claims concern alleged breaches of various provisions of an agreement for the purchase of membership interests in RealSource.[4] Each Defendant initially filed their answers on April 10, 2020.[5] Several months later, however, M. Anderson and AKA Partners filed an amended answer, which included a counterclaim against Mr. Hanks for breach of contract.[6] Mr. Hanks filed an answer to this counterclaim.[7] Next, K. Anderson and M. Howard filed an amended answer, which included a number of counterclaims against Mr. Hanks and RealSource; a number of crossclaims against M. Anderson; and a third-party complaint against RealSource Brokerage Services, L.C., RealSource Properties, LLC, Tahlaha Upshaw Pope, and John Does 1–100.[8] Mr. Hanks and RealSource answered this counterclaim and third-party complaint as well.[9] Likewise, on October 7, 2020, M. Anderson filed his reply to K. Anderson and M. Howard's crossclaim, which included a crossclaim for

---

[2] Compl., ECF No. 2.
[3] First Am. Compl., ECF No. 4; Second Am. Compl., ECF No. 27.
[4] *See* Second Am. Compl. ¶¶ 7–10, 15–71.
[5] Answer to Second Am. Compl., ECF No. 53; Michael S. Anderson's and AKA Partners, LC's Answer, ECF No. 54.
[6] Michael S. Anderson's and AKA Partners, LC's Am. Answer & Countercl., ECF No. 67.
[7] Answer to Michael Anderson's Countercl., ECF No. 70.
[8] Defs.' Kent Anderson and Michael Howard's Am. Answer to the Second Am. Compl., Countercl., Crosscl., and Third-Party Compl. 25–47, ECF No. 72.
[9] Answer to Michael Howard's and Kent Anderson's Countercl. & Third-Party Compl., ECF No. 73.

indemnification against Mr. Hanks.[10] Mr. Hanks did not file an answer to this crossclaim until July 13, 2023.[11]

M. Anderson moved to strike Mr. Hanks's answer to his crossclaim,[12] and Magistrate Judge Daphne Oberg granted this motion "[b]ecause Mr. Hanks [had] not shown his years-late answer was due to excusable neglect[.]"[13] Mr. Hanks objected to the magistrate's decision,[14] and the court overruled Mr. Hanks's objection.[15] Next, Mr. Hanks filed a motion requesting leave for an extension of time to file an answer to M. Anderson's crossclaim, which raised new arguments.[16] Magistrate Judge Oberg denied Mr. Hanks's motion for leave.[17]

Mr. Hanks again objects to the magistrate judge's order.[18] M. Anderson filed a responsive brief.[19] The court considers the objection to be fully briefed.

## STANDARD

Under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636, if a party files objections to a magistrate judge's order on a non-dispositive matter within 14 days, the district judge must review the magistrate's decision and "modify or set aside any part of the order that is clearly

---

[10] Michael S. Anderson's Reply to Kent Anderson and Michael Howard's Countercl. and Cross-cl.; Michael S. Anderson's Cross-cl. for Indemnity Against Nathan W. Hanks, ECF No. 74.
[11] Answer to Michael Anderson's Cross-Cl., ECF No. 289.
[12] Michael S. Anderson's Mot. to Strike Answer to his Cross-Cl. Against Nathan Hanks, ECF No. 292.
[13] Mem. Dec. and Order Granting Michael S. Anderson's Mot. to Strike Answer to his Crosscl. Against Nathan Hanks 3, ECF No. 322.
[14] Obj. to Mem. Dec. and Order Granting Michael S. Anderson's Mot. to Strike Answer to His Crosscl. Against Nathan Hanks, ECF No. 347.
[15] Mem. Dec. and Order Overruling [347] Obj. to Mem. Dec. and Order Granting Michael S. Anderson's Mot. to Strike Answer to His Crosscl. Against Nathan Hanks, ECF No. 359.
[16] Nathan Hanks' Mot. for Leave to File an Answer to Michael Anderson's Crosscl., ECF No. 360.
[17] Order Denying Nathan Hanks' Mot. for Leave to File an Answer to Michale Anderson's Crosscl. ("Magistrate's Order"), ECF No. 361.
[18] Hanks's Obj.
[19] Michael S. Anderson's Resp. to Nathan W. Hanks' Objection to Order Denying Mot. for Leave to File an Answer to Michael Anderson's Crosscl. ("M. Anderson's Resp."), ECF No. 381.

erroneous or is contrary to law."[20] The "clearly erroneous" standard applies to facts, and requires that the court accept the magistrate's factfinding unless the court has the definite and firm conviction that a mistake has been made.[21] The "contrary to law" standard applies to issues of law; an order is contrary to law when it "'fails to apply or misapplies relevant statutes, caselaw, or rules of procedure.'"[22]

## DISCUSSION

Under Federal Rule of Civil Procedure 12, a party must serve an answer to a crossclaim "within 21 days after being served with the pleading that states the counterclaim or crossclaim."[23] However, "the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[24] "A finding of excusable neglect depends on four factors: "[1] the danger of prejudice to the non-moving party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"[25] "The most important factor is the third; an inadequate explanation for the delay may, by itself, be sufficient to reject a finding of excusable neglect."[26]

In his motion, Mr. Hanks argued that he had established excusable neglect because there was no prejudice to M. Anderson because M. Anderson has not been diligent in pursuing a

---

[20] Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. 636(b)(1).
[21] *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[22] *Id.* (quoting *United States v. Winsper*, No. 3:08-cv-631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).
[23] Fed. R. Civ. P. 12(a)(1)(b).
[24] Fed. R. Civ. P. 6(b)(1).
[25] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).
[26] *Id.* (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

4

defense on the claims on which his crossclaim for indemnification against Mr. Hanks is based; because allowing him to answer would have a minimal impact on the litigation; because the missed deadline was initially caused by a personal event in the lives of his counsel; and because he is acting in good faith.[27]

The magistrate judge denied the motion "largely for the same reasons in the court's prior order." The magistrate judge found that the new argument raised could have been brought in the earlier briefing on the motion to strike. And the new argument did not demonstrate excusable neglect. Specifically, the death of one of Mr. Hanks's counsel's parents did not explain or excuse nearly three years of delay. Additionally, Mr. Hanks's proposed answer would cause delay to the proceedings and would prejudice M. Anderson because it includes two affirmative defenses: Either "[a] lack of discovery on these defenses would prejudice Michael Anderson" or "reopening discovery at this stage would significantly delay the case[.]"[28] For those reasons, and the reasons identified in her prior order, the motion was denied.

Mr. Hanks argues that the magistrate judge erred in ruling that Mr. Hanks had not established excusable neglect.[29] First, he argues that there is no danger of prejudice to M. Anderson for three reasons. "[T]he proposed answer would not delay the proceedings because no trial date has been scheduled and there are no hearings scheduled."[30] Next, "the discovery done by the parties on the very contract at issue in the indemnification [claim] shows that Michael Anderson will not suffer any prejudice if Mr. Hanks is allowed to answer the crossclaim."[31] And

---

[27] Hanks's Mot. 9–11.
[28] Magistrate's Order 3.
[29] Hanks's Obj. 8–10.
[30] *Id.* at 8.
[31] *Id.* at 8–9.

finally, "the magistrate erred by not considering any methods to cure prejudice short of now allowing Mr. Hanks to answer the crossclaim."[32]

In none of these arguments does Mr. Hanks show that the magistrate acted clearly erroneously or contrary to law. The court affirms the magistrate judge's determination that Mr. Hanks's filing of an answer at this stage would either cause a delay or prejudice M. Anderson. And while in his objection Mr. Hanks points to other methods that he argues could have been used to cure any prejudice—such as Mr. Hanks paying the costs of any future discovery requested by M. Anderson[33]—he did not identify these methods in his initial motion. Arguments raised for the first time in objections to a magistrate judge's order are waived.[34]

Regarding the second factor—the length of delay and its potential impact on proceedings—Mr. Hanks merely repeats that the parties have already conducted discovery on the contract at issue in the indemnification crossclaim and "there are ways to cure any prejudice while allowing the crossclaim to be decided on the merits."[35] Again, Mr. Hanks falls short of demonstrating that the magistrate acted contrary to law or applied the facts erroneously.

Third—and most importantly—Mr. Hanks argues that the magistrate erred in ruling that the death of his counsel's parent is not an adequate reason for the delay.[36] The magistrate judge did not say that the death of a parent is not a traumatic and emotional event, nor did she suggest that it could never be an adequate reason for delay. Instead, she held that "the death of counsel's mother around the time the crossclaim was filed does not explain or excuse the nearly three-year

---

[32] *Id.* at 9.
[33] *See id.* at 9.
[34] *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).
[35] Hanks's Obj. 10.
[36] *Id.*

delay in filing an answer."[37] That conclusion was not clearly erroneous. Indeed, it was clearly correct.

Of course, the death of an attorney's loved one around the time a filing is due could excuse a deadline by days, perhaps weeks, or in an extreme case with extraordinary facts maybe even months. Here, Mr. Hanks makes no argument and offers no explanation that would support any lengthy delay, much less the roughly 30-month delay that actually occurred.

And the record undermines any excusable neglect argument for more than a short delay at most. As M. Anderson notes, there is record evidence that Plaintiffs' counsel were actively working on this case on the same day the crossclaim was filed and several days after the crossclaim was filed.[38] Within roughly a month of the crossclaim being filed, Mr. Hanks went from being represented by two attorneys at one law firm to three attorneys at two firms.[39] Additionally, the crossclaim itself was refiled several months later, so Plaintiff's counsel would have been notified about it not once, but twice, spaced multiple months apart.[40] Under these circumstances, this factor alone decisively justifies denial of an extension.

In sum, because Mr. Hanks has not demonstrated that the magistrate was clearly erroneous or acted contrary to law, his objection must be overruled. But even if the standard were de novo, the result would be the same. Mr. Hanks's objection is entirely without merit.

---

[37] Magistrate's Order 3.
[38] *See* M. Anderson Resp. 6. Both of Mr. Hanks's counsel—Mr. Mark Larsen and Ms. Lisa Rico—were engaged in work on the case around the time period the crossclaim was filed. *See* Email From Mark Larsen, ECF No. 381-2 (timestamped the day that the crossclaim was filed); Pl.'s Mot. for Compel Complete Discovery Responses and Memorandum in Support, ECF No. 77 (entered five days after the crossclaim was filed). Indeed, the court held a hearing at which counsel for Mr. Hanks was present just one day after Mr. Hanks's answer was due. *See* ECF No. 80.
[39] ECF No 83.
[40] *See* ECF No. 103.

## ORDER

For the forgoing reasons, the court OVERRULES Mr. Hanks's objection to the magistrate's order.[41]

Signed July 22, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[41] ECF No. 362.