UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHAN W. HANKS; and REALSOURCE EQUITY SERVICES, LLC,<br><br>　　Plaintiffs,<br>v.<br><br>MICHAEL S. ANDERSON; AKA PARTNERS, LC; KENT ANDERSON; MICHAEL HOWARD; and GREENFILL WOODLAND CREEK APTS, LLC,<br><br>　　Defendants.<br><br>KENT ANDERSON; and MICHAEL HOWARD,<br><br>　　Counterclaimants, Crossclaimants, and Third-Party Plaintiffs,<br>v.<br><br>NATHAN W. HANKS; and REALSOURCE EQUITY SERVICES, LLC,<br><br>　　Counterclaim Defendants,<br><br>MICHAEL S. ANDERSON,<br><br>　　Crossclaim Defendant, and<br><br>REALSOURCE BROKERAGE SERVICES, L.C.; REALSOURCE PROPERTIES, LLC; and REALSOURCE RESIDENTIAL, LLC,<br><br>　　Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MICHAEL ANDERSON'S RENEWED MOTION TO SEAL (DOC. NO. 386), GRANTING AKA PARTNERS' RENEWED MOTION TO SEAL (DOC. NO. 387), AND UNSEALING ALL SUMMARY JUDGMENT BRIEFING AND EXHIBITS (EXCEPT SPECIFIED PORTIONS OF THE TOWNSEND REPORT)**<br><br>Case No. 2:19-cv-00999<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

1

The parties previously filed six motions to seal portions of their summary judgment briefing and exhibits.[1] On May 20, 2024, the court found all six motions deficient and denied them without prejudice, with leave to file new motions addressing the deficiencies within seven days.[2] This court warned that the documents at issue could be unsealed without further notice if the parties declined to file new motions.[3]

Two parties, Michael Anderson and AKA Partners LC, filed new motions to seal.[4] Mr. Anderson[5] seeks to seal (1) portions of his opposition to a partial motion for summary judgment which quote from a confidential agreement between the parties, and (2) deposition testimony quoted in the opposition and filed as Exhibit C thereto.[6] AKA Partners seeks to seal the portions of the report of R. Brad Townsend, the retained expert of Plaintiff RealSource Equity Services, LLC.[7] No response to these motions to seal has been filed, and no other party has filed a new motion to seal the summary judgment briefing and exhibits.

---

[1] (Doc. Nos. 326, 332, 338, 366, 371, 378.)

[2] (Order Den. Without Prejudice Mots. to Seal Filed in Connection With Summ. J. Briefing, Doc. No. 385.)

[3] (*Id.* at 4.)

[4] (Michael S. Anderson's Renewed Mot for Leave to File Under Seal ("Michael Anderson Mot. to Seal"), Doc. No. 386; AKA Partners' Mot. to Maintain Under Seal Portions of Ex. G ("AKA Partners Mot. to Seal"), Doc. No. 387.)

[5] Although Kent Anderson and Michael Anderson have the same last name, where only Michael Anderson is referenced in the text of this order, he is referred to as "Mr. Anderson" throughout.

[6] (Michael Anderson Mot. to Seal, Doc. No. 386.)

[7] (AKA Partners Mot. to Seal, Doc. No. 387.)

For the reasons explained below, Mr. Anderson's motion to seal is denied, and AKA Partners' motion to seal is granted. Only the portions of Mr. Townsend's report specified below shall remain sealed. All other summary judgment briefs and exhibits shall be unsealed.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[8] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[9] Particularly "[w]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[10] However, the right of public access is "not absolute."[11] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[12] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[13]

---

[8] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[9] DUCivR 5-3(a)(1).

[10] *Colony Ins. Co.*, 698 F.3d at 1242 (citation omitted).

[11] *Id.* at 1241 (citation omitted).

[12] *Id.* (internal quotation marks omitted).

[13] *Id.* (internal quotation marks omitted).

ANALYSIS

**A. Mr. Anderson's Motion to Seal[14]**

Mr. Anderson seeks to seal portions of his opposition[15] to Nathan Hanks' motion for partial summary judgment regarding the RS Equity note,[16] as well as Exhibit C[17] to the opposition. Because Mr. Anderson has not demonstrated any portion of the opposition or Exhibit C warrant sealing at this stage, his motion is denied.

*1. Quotations from the Agreement Between Mr. Anderson and Mr. Hanks*

Mr. Anderson first seeks to seal portions of his opposition which quote from the Membership Interests Purchase Agreement between Mr. Anderson and Mr. Hanks, through which Mr. Anderson sold his interest in RS Equity and other RealSource entities to Mr. Hanks.[18]

Mr. Anderson argues the parties and the court have "consistently treated the material terms of the Agreement—including in particular the financial aspects of the transaction between Mike Anderson and Mr. Hanks—as confidential and deserving of being placed under seal since the very outset of this case."[19] Mr. Anderson notes

---

[14] (Doc. No. 386.)

[15] (Doc. Nos. 364 (redacted), 367 (sealed, unredacted version).)

[16] (Doc. Nos. 325 (redacted), 327 (sealed, unredacted version).)

[17] (Doc. No. 368 (sealed).)

[18] (*See* Mem. Decision and Order Den. [325] Nathan Hanks' Mot. for Partial Summ. J. Against Michael Anderson's Countercl. 2, Doc. No. 391.) The underlying facts, claims, and procedural history of this case are described in detail in the court's recent summary judgment orders. (*See* Doc. Nos. 389, 390, 391.)

[19] (Michael Anderson Mot. to Seal 2, Doc. No. 386.)

District Judge David Barlow granted the plaintiffs' motion to seal the agreement on February 25, 2020, when it was offered as an exhibit to the plaintiffs' motion for a temporary restraining order and preliminary injunction.[20]  Mr. Anderson asserts that from that point forward, the "non-boilerplate provisions" of the agreement have been redacted whenever they have been mentioned in or attached to filings.[21]  He argues the agreement was properly designated as "confidential" under the District of Utah's Standard Protective Order, which lists confidential business information among the categories of information that may be designated as protected.[22]  According to Mr. Anderson, "[h]ow much Hanks agreed to pay for [his] interests, and the specific terms under which the parties agreed to the sale of those interests, are not matters of public concern," and he urges the court not to revisit its initial sealing order.[23]

    Mr. Anderson has not demonstrated the portions of his opposition brief quoting from the agreement, or the agreement itself, warrants sealing.  As an initial matter, the 2020 order granting leave to seal the agreement at the outset of the case (filed in connection with a nondispositive motion) is not determinative of whether the agreement should be sealed at the summary judgment stage.  Indeed, the May 20, 2024 order denying the six deficient motions to seal warned the parties that prior orders permitting

---

[20] (*See* Docket Text Order, Doc. No. 24.)

[21] (Michael Anderson Mot. to Seal 2, Doc. No. 386.)

[22] (*See id.*); *see also* Standard Protective Order (For Cases Filed Before December 1, 2023) ¶ 2(a), available at https://www.utd.uscourts.gov/sites/utd/files/Standard%20Protective%20Order%20Cases%20Filed%20Before%2012-1-2023.pdf [https://perma.cc/26WB-36K5].

[23] (Michael Anderson Mot. to Seal 2–3, Doc. No. 386.)

redactions to nondispositive motions would not justify sealing information filed in connection with dispositive motions.[24] This is because, as noted above, there is a "strong presumption of access" where documents "are used to determine the litigants' substantive legal rights."[25] Notwithstanding the 2020 order, Mr. Anderson must demonstrate countervailing interests outweigh the public interest in access *at this stage*.[26]

Mr. Anderson relies primarily on the fact that the parties themselves have treated the agreement as confidential. But a confidentiality clause in a contract is insufficient, on its own, to justify sealing the contract.[27] For instance, in *Colony Insurance Co. v. Burke*,[28] the Tenth Circuit denied motions to seal confidential settlement agreements where "[t]he parties themselves placed these settlements at the center of this controversy," through a counterclaim and a motion for summary judgment on the

---

[24] (*See* Order Den. Without Prejudice Mots. to Seal Filed in Connection With Summ. J. Briefing 3–4, Doc. No. 385.)

[25] *Colony Ins. Co.*, 698 F.3d at 1242.

[26] *See id.* at 1241–42.

[27] *See Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification."); *Colony Ins. Co.*, 698 F.3d at 1241 (denying a motion to seal where "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court"); *Liberty Mut. Fire Ins. Co. v. Michael Baker Int'l, Inc.*, No. 2:19-cv-00881, 2022 U.S. Dist. LEXIS 85038, at *4 (D. Utah May 10, 2022) (unpublished) ("[S]imply citing a confidentiality provision in a settlement or contract does not warrant sealing.").

[28] 698 F.3d 1222.

6

counterclaim.[29]  The court explained "[t]he parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[30]  Finding the parties failed to meet this "heavy burden," the court concluded "[n]either party has submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweighs the presumption of public access."[31]

Here, as in *Colony Insurance*, the parties have placed the agreement between Mr. Anderson and Mr. Hanks at the center of this case.  The agreement forms the basis for Mr. Hanks' breach-of-contract claims against Mr. Anderson, as well as Mr. Anderson's counterclaims for breach of contract (for nonpayment under a note issued pursuant to the agreement) and breach of the implied covenant of good faith and fair dealing.[32]  Further, the agreement has now been used to determine the parties' substantive legal rights on summary judgment.  The agreement is discussed extensively throughout the parties' summary judgment briefs and the court's summary judgment orders.  Indeed, the court's summary judgment orders rely on and quote specific terms of the agreement, including some of the same terms Mr. Anderson seeks to seal.[33]  Under these circumstances, a strong presumption of public access applies.

---

[29] *Id.* at 1241.

[30] *Id.* at 1242 (citation omitted).

[31] *Id.*

[32] (*See* Third Am. Compl. ¶¶ 8, 16–30, Doc. No. 214; Michael S. Anderson's Answer to Third Amend. Compl. and Countercl. 9–14, ECF No. 227.)

[33] (*See, e.g.,* Mem. Decision and Order Den. [325] Nathan Hanks' Mot. for Partial Summ. J. Against Michael Anderson's Countercl. 6–7, Doc. No. 391 (quoting ¶ 2.3(e) of the Agreement); Michael Anderson Opp'n 13, Doc. No. 364 (redacting the same

Mr. Anderson has not demonstrated any countervailing interests "heavily outweigh" this strong presumption of access.[34] As noted, the fact that the parties have treated the agreement as confidential is insufficient. Mr. Anderson also suggests the agreement contains confidential business information.[35] In *Deherrera v. Decker Truck Line, Inc.*,[36] the Tenth Circuit recognized "[a] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[37] In that case, the court granted a motion to seal, finding "the identified pages contain proprietary business information which is unnecessary to our disposition of this appeal."[38] But here, Mr. Anderson does not specifically identify any proprietary business information— other than a vague reference the "financial aspects" of the agreement.[39] Nor does he explain how his (or any other party's) business interests would be harmed if the terms of

---

quotation from ¶ 2.3(e) of the agreement); *see also* Mem. Decision and Order Granting in Part and Den. in Part [329] and [336] Defs.' Mots. for Summ. J. 7–8 (quoting and discussing the agreement), Doc. No. 389; Mem. Decision Granting in Part and Den. in Part [330] Nathan W. Hanks' Mot. for Summ. J. Against Michael Anderson's Indemnification Crosscl. 1–2, 10, Doc. No. 390 (quoting and discussing the agreement).)

[34] *See Colony Ins. Co.*, 698 F.3d at 1241.

[35] (Michael Anderson's Mot. to Seal 2, Doc. No. 386.)

[36] 820 F.3d 1147 (10th Cir. 2016).

[37] *Id.* at 1162 n.8 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished) (finding "sensitive, proprietary information concerning [a party's] business practices" and "sensitive technical and financial data" may properly be sealed).

[38] *Deherrera*, 820 F.3d at 1162 n.8.

[39] (Michael Anderson Mot. to Seal 2, Doc. No. 386.)

the agreement are made public.  Indeed, Mr. Anderson himself included the purchase price for his interest in RS Equity and other financial terms of the agreement in the publicly-filed portion of his opposition brief.[40]  Mr. Anderson does not explain why other financial aspects of the agreement warrant sealing, in light of these disclosures.  Additionally, unlike *Deherrera*, the terms of the agreement—including financial terms—have been placed at the center of this controversy and used to determine the parties' legal rights on summary judgment.  Under these circumstances, Mr. Anderson's vague reference to "confidential business information" is insufficient to overcome the strong presumption of public access.

Notably, neither Mr. Anderson nor any other party has filed a renewed motion to seal references to the agreement in any other portion of the summary judgment briefing, apart from the opposition brief at issue here.  The parties filed four motions for summary judgment, and they rely on or quote specific provisions in the agreement in the briefing on all four motions.[41]  After the initial six motions to seal were denied, no party filed a renewed motion to seal quotes or references to the agreement in briefs other than in Mr. Anderson's opposition.  Moreover, the agreement itself was filed as part of a summary

---

[40] (*See* Mem. in Opp'n to Mot. for Partial Summ. J. Against Michael Anderson on the RS Equity Note 2, Doc. No. 364.)

[41] (*See, e.g.*, Mot. for Partial Summ. J. Against Michael Anderson on the RS Equity Note 4–8, Doc. No. 325 (quoting the agreement); Michael S. Anderson's Mot. for Summ. J. Re: Claims Filed Against Him by Nathan W. Hanks and RealSource Equity Services, LLC 5–6, 11, Doc. No. 329 (quoting the agreement); Mot. for Partial Summ. J. Against Michael Anderson on His Indemnification Crosscl. 2, 7–9, Doc. No. 330 (quoting the agreement); Mem. in Opp'n to Kent Anderson's, Michael Howard's & Greenfill's Mot. for Summ. J. Against Pls. 28, Doc. No. 363 (citing specific provisions in the agreement).)

judgment exhibit,[42] but no party filed a renewed motion to seal it. Even interpreting Mr. Anderson's motion to seal as implicitly seeking to seal the portions of the agreement quoted his opposition, Mr. Anderson fails to explain why these particular portions of the agreement should be sealed, while other quotations from and references to the agreement in the summary judgment briefing are not.

For all these reasons, Mr. Anderson's motion to seal is denied as to the portions of the opposition which quote the agreement.

### 2. Deposition Testimony and Exhibit C

Mr. Anderson also seeks to seal portions of his opposition quoting testimony from his own deposition and the deposition of Jeff Hanks, as well as an excerpt from Jeff Hanks' deposition filed as Exhibit C[43] to the opposition.[44] However, Mr. Anderson states that "if no other party moves to maintain the deposition testimony under seal, then he has no objection to those portions of the opposition being unsealed."[45] No other party has moved to seal this deposition testimony. Therefore, Mr. Anderson's motion to seal is also denied as to the portions of the opposition which quote this deposition testimony, and the deposition excerpt filed as Exhibit C.

---

[42] (*See* Ex. A to Mot. for Partial Summ. J. Against Michael Anderson on the RS Equity Note, Doc. No. 327-1 at 15–78 (sealed).)

[43] (Doc. No. 368 (sealed).)

[44] (Michael Anderson's Motion to Seal 2, Doc. No. 386.)

[45] (*Id.*)

In sum, Mr. Anderson's motion to seal[46] is denied. The unredacted version of his opposition[47] to the motion for partial summary judgment on the RS Equity note, and Exhibit C[48] thereto, shall be unsealed.

### B. AKA Partners' Motion to Seal[49]

AKA Partners moves to seal portions of the report of R. Brad Townsend,[50] the retained expert of Plaintiff RealSource Equity Services, LLC. This report addresses the calculation of RealSource Equity Services' claimed damages. It was filed as Exhibit G to Mr. Anderson's motion for summary judgment on claims filed against him by Nathan Hanks and RealSource Equity Services.[51]

AKA Partners does not seek to seal the narrative portion of Mr. Townsend's report, nor the attached "calculation of disgorgement damages" chart. Rather, AKA Partners seeks to seal certain information in other attachments (schedules and exhibits) supporting the calculation of damages. Specifically, AKA Partners seeks to seal the following:[52]

- Schedule 2.1, investor names, amounts, and addresses
- Schedule 2.2, investor names, amounts, and addresses

---

[46] (Doc. No. 386.)

[47] (Doc. No. 367.)

[48] (Doc. No. 368.)

[49] (Doc. No. 387.)

[50] (Doc. No. 333 (sealed).)

[51] (Doc. No. 329.)

[52] (*See* AKA Partners Mot. to Seal 4, Doc. No. 387.)

- Schedule 2.3, "Investor" and "Amount" columns of table

- Schedule 2.4, "Investor" and "Amount" columns of table, investor name below table

- Schedule 3.0, AKA Balance Sheets

- Schedule 4.0, AKA Income Statements

- Schedule 5.0, AKA Statement of Cash Flows

- Exhibit 1, AKA Balance Sheets as of May 16, 2023

- Exhibit 2, AKA Balance Sheets as of June 30, 2023

AKA Partners argues the names, addresses, and contribution amounts of its investors—as well as its balance sheets, income statements, and statements of cash flow—constitute sensitive business information.[53] AKA Partners argues it has a "real and substantial interest" in maintaining the confidentiality of this information, and it contends this information is "not central to any decision currently before the Court."[54]

AKA Partners has demonstrated the information specified above warrants sealing. Public disclosure of confidential investor information and internal financial data could cause competitive harm, and courts have consistently found this type of confidential business information is appropriately sealed.[55] Thus, AKA has articulated a

---

[53] (*Id.* at 3–4.)

[54] (*Id.* at 3.)

[55] *See, e.g.*, *AH Aero Serv., LLC v. Heber City*, No. 2:17-cv-01118, 2020 U.S. Dist. LEXIS 195061, at *9 (D. Utah Oct. 19, 2020) (unpublished) ("Profit and loss statements are precisely the type of sensitive business information that should be sealed."); *Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-1267, 2013 U.S. Dist. LEXIS 49751, at *7 (W.D. Wash. Apr. 5, 2013) (unpublished) (sealing profit and loss statements and balance sheets).

significant interest weighing against the presumption of public access for these documents. Further, the specific information AKA Partners seeks to seal is not mentioned in or relevant to the court's summary judgment orders. While one summary judgment order addresses Mr. Townsend's report in passing, it does so only in rejecting one of the broad theories of damages advanced by Mr. Hanks.[56] The order does not address the specific investor or financial information AKA Partners seeks to seal. Thus, the public interest in access to this information is marginal. AKA Partners' interest in maintaining the confidentiality of its internal financial information outweighs the presumption of public access in these circumstances.

Accordingly, AKA Partners' motion to seal[57] is granted. Within seven days, AKA Partners shall file a new version of Mr. Townsend's report, redacting only the portions specified above. The unredacted version shall remain sealed until otherwise ordered.

### C. Other Summary Judgment Briefs and Exhibits

Aside from the two motions to seal addressed above, no new motions to seal have been filed regarding other portions of the summary judgment briefing and exhibits. Accordingly, all other summary judgment briefs and exhibits shall be unsealed. This means all summary judgment briefs and exhibits, except the specified portions of Mr. Townsend's report, shall be unsealed.

---

[56] (*See* Mem. Decision and Order Granting in Part and Den. in Part [329] and [336] Defs.' Mots. for Summ. J. 9–11, Doc. No. 389.)

[57] (Doc. No. 387.)

## CONCLUSION

Michael Anderson's motion to seal[58] is denied, AKA Partners' motion to seal[59] is granted, and the court ORDERS as follows:

1. Within seven days, AKA Partners shall file a new version of Mr. Townsend's report, redacting only the portions specified above. The unredacted version of the report[60] shall remain sealed until otherwise ordered.

2. All other summary judgment briefs and exhibits shall be unsealed. Specifically, the clerk is directed to unseal the filings (including all attachments) at docket numbers 327, 334, 339, 367, 368, and 372, and the filing at docket number 333-1.

DATED this 13th day of September, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[58] (Doc. No. 386.)

[59] (Doc. No. 387.)

[60] (Doc. No. 333.)