THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>    Plaintiffs,<br>v.<br>MICHAEL S. ANDERSON, AKA PARTNERS, LC, KENT ANDERSON, MICHAEL HOWARD, and GREENFILL WOODLAND APARTMENTS, LLC,<br><br>    Defendants. | **MEMORDANDUM DECISION AND ORDER DENYING [425] PLAINTIFFS' SIXTH SHORT FORM MOTION TO COMPEL AGAINST DEFENDANT AKA PARTNERS, LC, REQUIRING IT TO SUPPLEMENT ITS QUICKBOOKS FILES**<br><br>Case No. 2:19-cv-00999<br><br>District Judge David Barlow |
| KENT ANDERSON and MICHAEL HOWARD,<br><br>    Counterclaimants,<br>v.<br><br>NATHAN W. HANKS and REALSOURCE EQUITY SERVICES, LLC,<br><br>    Counterclaim Defendants.<br>v.<br><br>MICHAEL S. ANDERSON,<br><br>    Crossclaim Defendant,<br>v.<br><br>REASLSOURCE BROKERAGE SERVICES, L.C., REALSOURCE PROPERTIES, LLC, REALSOURCE RESIDENTIAL, LLC,<br><br>    Additional Counterclaim Defendants. | |

Before the court is Plaintiff Nathan W. Hanks and RealSource Equity Services, LLC's

("RealSource") Sixth Short-Form Motion to Compel Against Defendant AKA Partners, LC,

("AKA") Requiring It to Supplement Its QuickBooks File.[1] Plaintiffs ask the court to compel AKA to provide updated QuickBooks data up to the present time. For the reasons below, the court denies Plaintiffs' Motion.[2]

## BACKGROUND

Filed on December 27, 2019,[3] this case has a lengthy procedural history. The court discusses only the relevant background. Plaintiffs first received access to AKA's QuickBooks data in 2023 during fact discovery.[4] The court ordered May 17, 2023 as the close of fact discovery and the deadline for supplementation of disclosures and discovery under Federal Rule of Civil Procedure 26(e).[5] The court later extended the close of fact discovery to June 23, 2023 "solely for the purpose of allowing Plaintiffs to conduct a Rule 30(b)(6) deposition of AKA Partners, LC."[6] A five-day bench trial will begin on September 3, 2025.[7]

The day before a status conference was held on August 12, 2025, Plaintiffs filed a sparse motion to compel, asking the court to compel AKA to provide its updated QuickBooks data to Plaintiffs.[8] After discussion and argument was heard on the motion, the court directed the parties to brief the motion.[9]

---

[1] Sixth Short-Form Mot. to Compel Against Def. AKA Partners, LC, Requiring It to Supp. Its QuickBooks Files, ECF No. 425, filed Aug. 11, 2025.
[2] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).
[3] Compl., ECF No. 2, filed Dec. 27, 2019.
[4] Mem. Decision and Order Granting in Part Plaintiffs' Second Short-Form Motion to Compel Against Defendant AKA Partners, LC, Re: Quickbooks, ECF No. 243, filed May 17, 2023, at 3. ("[I]t is undisputed that AKA Partners produced all its QuickBooks records—including granting real-time access to its QuickBooks database.")
[5] Eighth Am. Scheduling Order, ECF No. 202, filed Dec. 16, 2022, at 2.
[6] Ninth Am. Scheduling Order, ECF No. 244, filed May 17, 2023, at 2.
[7] Trial Order, ECF No. 419, filed June 16, 2025.
[8] Sixth Short-Form Mot. to Compel, ECF No. 425.
[9] Minute Entry, ECF No. 427, filed on Aug. 12, 2025.

## STANDARD

"As a general rule, discovery rulings are within the broad discretion of the trial court."[10] Broad discretion allows a trial court to effectively manage its docket.[11] So long as a court does not make "a clear error of judgment or exceed[] the bounds of permissible choice in the circumstances," a court's "decision on discovery matters will not be disturbed" on review.[12]

Federal Rule of Civil Procedure 26(e) governs supplementing disclosures and responses. The rule states as follows:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

## DISCUSSION

### I. Duty to Disclose

The court first addresses whether on this record Defendants[13] have a duty to provide updated financial data up to the present time on the eve of trial.

Plaintiffs point to a handful of cases that they claim have interpreted Rule 26(e)(1)(A) as imposing a broadly sweeping duty to supplement that continues up to the date of trial.[14] In

---

[10] *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994), *cert. denied*, 144 S.Ct. 696 (2024).
[11] *See White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015).
[12] *Id.* (quoting *Swepi, LP v. Mora Cnty., N.M.*, No. CIV 14-0035, at *16 (D.N.M. Dec. 19, 2014)).
[13] The court refers to Michael S. Anderson, AKA Partners, LC, Kent Anderson, Michael Howard, and Greenfill Woodland Apartments, LLC collectively as "Defendants." Because there are multiple parties with the same first or last names, the court uses full names throughout.
[14] ECF No. 425, at 4–6.

response, Mr. Anderson argues that the plain language of Rule 26(e)(1)(B) limits the duty and grants the court discretion in implementing it. The court addresses each argument in turn.

### A. Rule 26(e)(1)(A)

The case law Plaintiffs rely on does not definitively support his assertion that the duty to supplement categorically extends to trial. For example, Plaintiffs cite two cases stating that "fact discovery does not terminate the obligation to supplement,"[15] and "the Rule 26(e) duty to supplement or correct incomplete or incorrect responses does, in fact, extend beyond the discovery cutoff date."[16] But neither case ends the analysis at that point. Instead, they weigh prejudice to the opposing side and pragmatic concerns with the timing of the supplementation requests.[17] Plaintiffs then cite to *Phil Crowley Steel Corp.* for support of their claim that the duty to supplement continues up to the time of trial. But the case makes no such assertion.[18] In fact, it holds that while Rule 26(e) "sets out the circumstances under which a party is required to supplement, . . . [d]etermining the existence of this duty and imposing sanctions for its breach are matters properly committed to the sound discretion of the trial judge."[19] Similarly, Plaintiffs' reliance on *Ponca Tribe of Indians* is misplaced.[20] The court concludes that "the rules impose . . . a duty to be aware of Plaintiffs' discovery requests and" supplement "when information arises that renders a prior response incomplete or incorrect," but this statement is immediately followed

---

[15] *Finjan, Inc. v. Bitdefender, Inc.*, No. 17-cv-04790, 2019 WL 3564443, at *2 (N.D. Cal. Aug. 6, 2019).
[16] *Woods v. Google, Inc.*, 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014).
[17] *See Woods v. Google, Inc.*, 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014) (acknowledging that "simple practical considerations, such as convenience to the parties and the court, might necessitate limiting the Relevant Period" that Google would have to supplement); *Finjan, Inc. v. Bitdefender, Inc.*, No. 17-cv-04790, 2019 WL 3564443, at *2 (N.D. Cal. Aug. 6, 2019) (ordering a party to supplement an interrogatory response after finding no prejudice would result and because it will expedite the opening experts' reports).
[18] *Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 345 (8th Cir. 1979). The facts in *Phil Crowley* are too distinct to be helpful: the court ordered discovery to end *ten* days before trial, the opposing party was put on notice when the other side's expert adjusted his damages calculation just four days before trial, and at issue was the court's ruling on counsel's motion to strike during cross-examination of the expert. *Id.* 344–45.
[19] *Id.* at 344.
[20] *Ponca Tribe of Indians v. Cont'l Carbon Co.*, No. CIV-05-445, 2006 WL 2927878, at (W.D. Okla. Oct. 11, 2006).

by the acknowledgement that "there is no obligation to undertake a continuous search for responsive material."[21]

Rule 26(e)'s "ongoing"[22] or "affirmative" duty to supplement is conditioned upon a party's awareness that a previous disclosure "is incomplete or incorrect."[23] During the status conference, Plaintiffs conceded that the issue of whether the QuickBooks was incorrect had already been addressed by the court and agreed to limit their characterization of the data as "incomplete."[24] And Plaintiffs' briefing confirms this. The issue Plaintiffs now raise is not that the prior production lacked certain then-existing financial data or contained incorrect financial data. Instead, Plaintiffs are arguing that because time has passed since the discovery cutoff, new financial data have necessarily come into existence. In Plaintiffs' view, this creates an ongoing duty to continually produce the new data.

Defendants, for their part, contend that the disclosure is, in fact, complete and Rule 26(e)(1)(A) is inapplicable for two reasons. First, they assert that the completeness of the disclosure should be viewed from when it was produced. They argue that to conclude otherwise and allow a discovery response to be considered "incomplete" simply because time has passed would create an onerous burden on parties to update every discovery response until the eve of trial. Second, they assert that a disclosure is incomplete in a "material respect" when it is missing crucial information within the designated period, not when new data has accumulated through the passage of time.[25] On this record, the court agrees. If the discovery responses here could be

---

[21] *Id.* at *4.
[22] "Rule 26(e) imposes an ongoing duty to supplement or correct disclosures made under Rule 26(a)." *Stella v. Davis Cnty.*, No. 118-CV-00002, 2022 WL 2390829, at *5 (D. Utah July 1, 2022).
[23] *See* Rule 26(e)(1)(A) (stating in relevant part that supplementation must be made "in a timely manner **if** the party learns that in some material respect the disclosure or response **is incomplete or incorrect** (emphases added)).
[24] *See* Response, ECF No. 430, at 2.
[25] *See* Kent Anderson and Michael Howard et al's Response, ECF No. 431, at 4 (asserting that "asking for additional years changes the scope, not the completeness of the disclosure").

considered incomplete from mere passage of time, then the discovery and supplementation deadlines would be undermined. Indeed, discovery would never truly end as every new day might result in new financial data.

### B. Rule 26(e)(1)(B)

Looking to the next subsection, Mike Anderson asserts that the duty to supplement ultimately hinges on the court's discretion.[26] The last word in Rule 26(e)(1)(A)—"or"—suggests it must be read in context of Rule 26(e)(1)(B)'s "as ordered by the court."[27] According to the plain language, then, the duty to supplement can be shaped by a court order. In this case, the court did as much when it set May 17, 2023 as the deadline for supplementation of disclosures and discovery under Rule 26(e).[28]

The duty to supplement under Rule 26(e) is subject to the court's discretion.[29] "Rule 26(e) does not permit a party to use the supplementing procedure to submit an amended or rebuttal report not based on new information."[30] Instead, "'supplementation is permissible only to address additional or corrective information that was unavailable when the expert made his or her initial report, or to make relatively minor changes that simply correct inaccuracies in the original report.'"[31] Therefore, "[w]hether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court."[32]

---

[26] Michael S. Anderson's Brief in Response to Plaintiffs' Sixth Short Form Motion to Compel, ECF No. 430, filed Aug. 20, 2025, at 3.
[27] Fed. R. Civ. P. Rule 26(e)(1).
[28] Eighth Am. Scheduling Order, ECF No. 202, filed Dec. 16, 2022. As noted in Mike Anderson's brief (p. 4, n.2), there was a Ninth Am. Scheduling Order (ECF No. 244, filed May 17, 2023), but it did not change the date for supplementation.
[29] *See* Rule 26(e)(1)(B) (stating "or as ordered by the court").
[30] *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *3 (D. Kan. Apr. 30, 2013).
[31] *9 Square in the Air, LLC v. Mountainville Com., LLC*, No. 2:22-CV-00335-HCN-JCB, 2024 WL 2326688, at *1 (D. Utah May 22, 2024) (quoting *FTC v. Nudge*, No. 2:19-cv-00867, 2022 WL 823933, at *4 (D. Utah Mar. 18, 2022)).
[32] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)." *D.M. by & through Morgan v. Bridget Grover, PA-C*, No. CV 18-2158-KHV, 2021 WL 487049, at *2 (D. Kan. Feb. 10, 2021).

"Moreover, courts issue scheduling orders with deadlines, including a deadline to complete discovery, and while such deadlines may be extended for good cause, at some point discovery closes. To allow a party to introduce new information on the eve of trial, or even during trial, flies in the face of a judge's obligation to shepherd a case from initial filing to trial and could subject the opposing side to prejudice."[33]

Here, fact discovery and the final date for supplementation of disclosures ended over two years ago, on May 17, 2023. Yet Plaintiffs now seek to compel supplementation to disclosures just over three weeks from trial. Plaintiffs have not shown good cause for doing so.

In sum, Plaintiffs have failed to demonstrate a violation of Rule 26(e)'s duty to supplement.

## II. Timeliness of the Motion

In the Plaintiffs' view, the fact that their motion comes on the eve of trial does not matter because their request would take merely "ten minutes of AKA's time to provide a login and password to AKA's current QuickBooks."[34] Defendants, on the other hand, point out that the supplementation would essentially re-open fact and expert discovery. They cite several cases from this district that have denied motions to compel filed months after close of fact discovery because the requests were deemed untimely.[35]

---

[33] *OsteoStrong Franchising, LLC v. Richter*, No. CV 18-1184, 2020 WL 7872786, at *2 n.5 (D.N.M. Jan. 30, 2020).
[34] Reply, ECF No. 437, filed Aug. 21, 2024, at 5.
[35] *See, e.g.*, *King v. Cellco P'ship*, No. 2:20-cv-00775, 2022 WL 4290111, at *2 (D. Utah Sept. 16, 2022) (finding that plaintiff had "doom[ed]" her motion to compel by waiting nine months after original discovery response and two months after close of fact discovery); *Nelson v. Beuchler*, No. 2:18-cv-00189, 2020 WL 9809993, at *2 (D. Utah June 16, 2022) (concluding that motions to compel filed three months after close of fact discovery "are 'undoubtedly' untimely"); *Kindig-It Design, Inc. v. Creative Controls, Inc.*, No. 2:14-cv-00867, 2017 WL 11476473, at * (D. Utah Apr. 21, 2017) ("The filing of a motion to compel a month after the close of discovery was undoubtedly untimely.").

"The federal rules do not impose specific timing for filing a motion to compel and courts retain discretion to determine whether a motion 'is too tardy to be considered.'"[36] As caselaw from this district suggests, motions to compel are typically untimely when filed months after close of fact discovery, let alone years. Moreover, a motion to compel filed on the eve of trial compounds the prejudice that arises from motions filed long after discovery has closed.[37] Finally, Plaintiffs' argument about the amount of time—allegedly ten minutes—that it would take for Defendants to produce the information is beside the point. Even if producing or providing access to two years of financial data were that easy, the time the production takes does not inform the timeliness of the motion.

In sum, the court finds that Plaintiffs' Sixth Motion to Compel—filed two years after the deadline for supplementation and fact discovery and three weeks before trial—is untimely.[38]

### III. Effect on Trial Dates

Plaintiffs claim that their request to access AKA's updated QuickBooks would not postpone the trial dates and would, in fact, shave off hours of the trial itself.[39] But this argument misses the ripple effect from Plaintiffs' intent to have their expert, Mr. Townsend, review the updated QuickBooks. Mr. Townsend's review of the data would most likely affect his opinion at trial, so Plaintiffs would need to supplement their expert disclosures and produce them to Defendants, who would then have the right to depose Mr. Townsend and prepare rebuttal opinions.[40] The court concludes that Plaintiffs' request would significantly delay trial and require

---

[36] *Nelson*, 2020 WL 9809993, at *2.

[37] In the reply, Plaintiffs claim that their request for supplementation will not result in further fact or expert discovery because they will not revise their expert's schedules. But this argument overlooks the fact they want their expert to testify about damages based on the updated QuickBooks data and ignores expert discovery rules.

[38] *See Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, No. 1:19-CV-02075-WJM-SBP, 2025 WL 1144559, at *11 (D. Colo. Apr. 18, 2025) (finding that a sixth motion to compel, filed eighteen months after the discovery deadline, which expired more than four years ago, was untimely).

[39] Reply, ECF No. 437, filed Aug. 21, 2024, at 2–3.

[40] *See* Fed. R. Civ. P. 26(a)(2).

postponement, inconveniencing the parties and increasing the costs of the litigation. Thus, this factor weighs against Plaintiffs' motion.

### IV. Standing

At the status conference, Plaintiffs also raised the unrelated issue of whether they would have the ability to examine the Defendants regarding the crossclaims between them. The court ordered the parties to address this issue in their briefing. Mike Anderson contends that Plaintiffs should not have standing to ask questions during the evidence of defendants' crossclaims because they have waived their right. He asserts that Plaintiffs failed to answer Mike Anderson's indemnity crossclaim, failed to timely offer to defend him from claims against him by Kent Anderson and Michael Howard, and sought to shift their liability on the compensation claims to him.[41]

Although Plaintiffs raised this issue, they did not address it in their supplemental memorandum or in their reply, despite the courts' instruction to do so. Consequently, Plaintiffs have waived the issue.

### ORDER

Accordingly, the court DENIES Plaintiffs' Sixth Short-Form Motion to Compel Against Defendant AKA Partners, LC, Requiring It to Supplement Its QuickBooks Files.[42]

SIGNED this 26th day of August, 2025.

BY THE COURT:

David Barlow
United States District Judge

---

[41] Response, ECF No. 430, at 6.
[42] ECF No. 425.